entitled to share in this fund as informers. Their action cannot be said to have induced the prosecutions which were instituted. The fraud was discovered by others. Proceedings were commenced in pursuance of that information, and the clue to the parties was obtained before either Wiggins or Burtnett or Heffelin gave any information; what they did was to furnish evidence tending strongly to confirm the truth of the statements of the informers. The informer is he, who, with the intention of having his information so acted upon, first gives information of a violation of law which induces the prosecution and contributes to the recovery of the fine, penalty, or forfeiture, which is eventually recovered. Sawyer v. Steele [Case No. 12,406]; Bank v. Bangs, 2 Edw. Ch. 105; Lancaster v. Walsh, 4 Mees. & W. 16. In the present case information had been given of these frauds, upon which positive and effective action was taken and which contributed to the recovery of the $32,000, a considerable period before either Wiggins or Burtnett or Heffelin gave any information at all, and such first informers, who were Webster, Beecher and Moulton, are the legal informers entitled to informers' share of this fund. In accordance with these views a decree must be entered adjudging that E. D. Webster, Rodman G. Moulton, and John S. Beecher, are entitled as informers to the $8,000 currency in the registry, and that the United States is entitled to the $29,861 in gold.

WEBSTER (BURNHAM v.). See Cases Nos. 2,178 and 2,179.

WEBSTER (CASKIE v.). See Case No. 2,-500.

## Case No. 17,333.

### WEBSTER v. COOPER.

[Cited in Tufts v. Tufts, Case No. 14,233. Nowhere reported; opinion not now accessible.]

## Case No. 17,334.

### WEBSTER v. CROTHERS.

[1 Dill. 301.] [1]

Circuit Court, D. Nebraska. 1870.

REMOVAL OF CAUSES—JUDICIARY ACT.

In cases properly removed here under section 12 of the judiciary act [1 Stat. 79], the defendant is not in default for not having answered or pleaded in the state court before or at the time of filing his petition for the removal.

[Cited but not followed in Heidecker v. Red Star Line S. S. Co., 32 Fed. 707. Cited in Pelzer Manuf'g Co. v. St. Paul Fire & Marine Ins. Co., 40 Fed. 186.]

Suit for specific performance of contract for the sale of lands, commenced in the state court by publication against the defendant, a non-resident. By the published notice or summons the defendant was required to answer on the 16th day of May, 1870, that being the first day of the May term. On that day the defendant appeared and filed his petition and the requisite bond for the removal of the cause to the United States circuit court for the district of Nebraska, and the next day the court ordered the removal. The defendant did not answer in the state court or take any steps therein except to apply for the removal of the cause. On the first day of the next term of this court, the plaintiff moved for a default against the defendant for his failure to answer; and that is the question before the court.

Redick & Briggs, for the motion.
Gannt & Wakely, contra.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. This removal was applied for and properly granted under the twelfth section of the judiciary act. It was applied for at the time the defendant was required to and did make his appearance. He was not bound to plead anterior to, or contemporaneously with, the filing of his petition for the removal of the cause. When that petition was duly made, the requisite facts entitling to a removal shown and the surety offered, it became "the duty of the said court to accept the surety and proceed no further in the cause." The state court could not require or receive an answer after the removal was thus applied for, and hence there was no default on the part of the defendant in not answering in that court, and none for not answering in this court, since this is the first day of the term occurring after the cause was transferred to it. The cause is in equity, and the defendant will be required by the next rule day to plead to the merits. If he desires to demur we order that he do so at this term. Ordered accordingly.

NOTE. Under section 12 of judiciary act the right must be claimed when appearance is entered. Johnson v. Monell [Case No. 7,399]; Sweeney v. Coffin [Id. 13,686]. Therefore when the action in the state court is by consent referred and is continued, it is afterwards too late to have it removed under section 12 of the judiciary act. Robinson v. Potter, 43 N. H. 188. Practice: McBratney v. Usher [Case No. 8,661].

## Case No. 17,335.

### WEBSTER v. GILMAN.

[1 Story, 499.] [1]

Circuit Court, D. Maine. May Term, 1841.

RENUNCIATION OF DEVISE—NON-POSSESSION—ESTOPPEL—FEE SIMPLE AND FREEHOLD ESTATES—WRIT OF FORMEDON—CONVEYANCE BY DISSEISED LIFE TENANT — CONTINGENT REMAINDERS — MERGER.

1. A mere non-possession of real estate by the devisee under a devise, short of the period,

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[1] [Reported by William W. Story, Esq.]