MAHONEY (STEWART v.). See Case No. 13.434.

MAHONEY MIN. CO. (ANGLO–CALIFORNIAN BANK v.). See Case No. 392.

## Case No. 8,968.

### MAHONEY MIN. CO. v. BENNETT.

[4 Sawy. 289;[1] 1 San Fran. Law J. 33.]

Circuit Court, D. California. Aug. 20, 1877.

REMOVAL OF CAUSES — PROVISIONAL REMEDIES— JURISDICTION AFTER REMOVAL.

1. Where proceedings have been perfected for removing a cause from a state court to the circuit court of the United States. under the act of congress of 1875 (18 Stat. 470). the circuit court, upon petition and notice to the adverse party, will grant leave to file a copy of the record in said court before the first day of the next succeeding term thereafter, for the purpose of administering without delay any of the provisional

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

remedies to which the petitioning party may be entitled.

[Cited in Delbanco v. Singletary, 40 Fed. 180; Pelzer Manuf'g Co. v. St. Paul & Marine Ins. Co., Id. 186.]

2. The circuit court, upon such petition and notice, has jurisdiction to grant leave to file the record before the day appointed by statute; and, after the filing of the record in pursuance of such leave, to proceed to grant any provisional relief to which the party may be entitled.

[Followed in Commercial & Sav. Bank v. Corbett, Case No. 3,057. Cited in Re Barnesville & M. Ry. Co., 4 Fed. 13; New Orleans City R. Co. v. Crescent City R. Co., 5 Fed. 161; Portland v. Oregonian Ry. Co., 6 Fed. 323; Texas & St. L. Ry. Co. v. Rust, 17 Fed. 280; Kansas City & T. Ry. Co. v. Interstate Lumber Co., 36 Fed. 11; Delbanco v. Singletary, 40 Fed. 180.]

[This was an action by the Mahoney Mining Company against Samuel Bennett.] Motion for leave to file record in a case transferred from the state court before the time appointed by law, and for a preliminary restraining order.

Wm. M. Stewart, for motion.

Wm. H. Sharp, contra.

SAWYER, Circuit Judge. On July 16, 1877, the complainant filed its bill in the state district court of the Nineteenth judicial district, among other things, praying an injunction against the sale and working of the mine claimed by the complainant. At the same time it gave defendant notice of an application for a preliminary injunction. On August 6, the defendant gave notice of his appearance, and of a petition to remove the case to the United States circuit court, on the ground that the defendant is a citizen of Prussia, the complainant being a domestic corporation; which motion was granted on August 14, before the application for a preliminary injunction had been heard by the court. The first day of the next succeeding term of the said circuit court would be the fourth Monday in November, nearly four months distant. The complainant thereupon immediately gave defendant notice of an application to the circuit court for leave to file a copy of the record of the case in said court; and that upon leave being granted it would apply for a preliminary injunction upon the same grounds as stated in the application for an injunction in the state court before the making of the order of removal. The defendant objects to the hearing of the application for leave to file the copy of the record, as well as the further motion for an injunction, on the ground that, under the statute, he has till the first day of the next term to file the record; and that, until that day, this court can have no jurisdiction over the cause. It is true, as urged by defendant, that the statute makes no provision for filing the copy of the record before the first day of the next succeeding term, or by any other person than the party removing the cause. But it is also true that there is nothing prohibiting the filing of the record at an earlier

day, or by any party interested, other than the one removing the cause. Where a sufficient petition is filed in a proper case for removal, and a sufficient bond given, the proceedings being all regular and sufficient, the state court can take no further proceedings in the case without usurping jurisdiction. 18 Stat. 471, § 3; Insurance Co. v. Dunn, 19 Wall. [86 U. S.] 224. If, after completing the proceedings for a removal, so far as to deprive the state court from taking any further action, there is no means by which the circuit court can get hold of the case till the first day of the next succeeding term, there will be a case pending, in some cases for many months, in which no court has jurisdiction to take any action whatever. An attachment may have been obtained, which ought to be dissolved, and which it would be ruinous to the defendant to continue; so an injunction, or the appointment of a receiver may be imperatively required to protect the interest of the complainant pending the action, which no court has power to grant until too late; or an injunction, or a preliminary restraining order may be improperly granted, and the removal made before the injured party can be relieved. In case of a removal pending a motion for an injunction, or application for a receiver, a party might be obstructed in obtaining a provisional remedy to which he is entitled, at a ruinous sacrifice. He could not move in that case, because it is suspended between two courts, neither of which can act; and he could not even dismiss his action and commence a new one in the national courts, wherein the court would have jurisdiction to afford him provisional relief, because, if neither court has authority to take action, it has no authority to enter an order of dismissal of the action once pending, until the statutory time for filing the copy of the record in the national courts has elapsed and the record has been filed. The injured party would, therefore, be remediless. If such be the law, causes will doubtless often be transferred for the purpose of accomplishing these results, thereby defeating the ends of justice. From the moment that the proceedings for removal are perfected, the circuit court, in my judgment, is in a position to take jurisdiction for the purposes indicated; and it only needs the record to enable it to proceed. Under sections 7 and 8 the court is expressly given authority to take the means prescribed to obtain the record, where the state court, or its officers, refuse to furnish a copy. For some purposes, at least, the circuit court may take action before the record is filed. The only obstacle to proceeding is the want of the record. After a careful consideration of the act of congress, I have reached the conclusion that, where the necessary proceedings have been taken in a proper case, to remove a cause from a state to a national court, and the facts are made to appear in a petition filed in the court to which the cause

is removed, this forms a sufficient basis upon which such court has jurisdiction to act, after due notice to the adverse party, and upon which leave to file the record may be granted; and, after the record has been filed in pursuance of such leave, that the court has jurisdiction, in its discretion, to proceed and administer all provisional remedies applicable to the case. Any other construction would work intolerable inconvenience and remediless injury to the parties, and could not have been contemplated by congress. It was intended to put the burden of making the transfer of the record upon the party availing himself of the right given; and it was only to secure this end that he is mentioned in the act in this connection and means provided for securing his action within a reasonable time. As no duty was imposed upon the other party, there was no necessity for naming him in connection with these provisions. I think, however, the act should be amended, authorizing either party, at any time, to file the record upon giving notice to the adverse party, and expressly authorizing the circuit court to thereupon proceed with the case, as otherwise great delay may often result from a removal. Mr. Circuit Judge Dillon, also, seems to be of the opinion that the circuit court may take jurisdiction, upon due notice, for the purposes of administering provisional remedies. Dill. Rem. Causes, p. 71. Let leave to file a copy of the record be granted.

The record having been filed, and the defendant not being ready to respond to the motion for an injunction. the court, upon ex parte application at chambers, upon security being given, granted a restraining order till the application could be heard.
[See Case No. 8,969.]