## City of Portland *v.* Oregonian Ry. Co. (limited.)

*(Circuit Court, D. Oregon.* March 22, 1881.)

1. **CAUSE REMOVED—INJUNCTION.**

   Upon the removal of a cause to a circuit court, the same has power, before the first day of its next term, to allow or modify an injunction.

2. **INJUNCTION.**

   Where a suit for injunction turns wholly upon the validity of an act of the legislature granting the defendant the exclusive right to the use of certain property, to aid in the construction and operation of its railway, which is claimed by the plaintiff as a public levee or landing, and the use of such property, in a way not materially in conflict with any use to which it is being put, is of great advantage to the defendant, an injunction restraining it from such use will be modified accordingly; and, in the consideration of the matter, weight will be given to the presumption that an act of the legislature is valid, and that the defendant is engaged in a public enterprise in which the public is interested.

3. **BOND.**

   Upon the modification of an injunction the court may require, a condition of such modification, that the defendant give a bond to secure the plaintiff against any injury which may result to it from the same, or to perform the final decree concerning the same.

*Julius C. Moreland,* for plaintiff.

*Ellis G. Hughes,* for defendant.

DEADY, D. J.  At the last session (1880) of the legislative assembly, an act was passed granting the defendant,—the Oregonian Railway Company, limited,—among other things, the use of the triangular-shaped piece of ground lying between the east line of blocks 112 and 113 of the city of Portland and the east bank of the Wallamet river, the same being, as appears from the map, about 520 feet long and 50 feet wide at the south end and 300 feet at the north end, and known as the "Public Levee," and dedicated to public use as a levee by a map and ordinance of the plaintiff—the city of Portland—recorded March 6, 1869, "to be held, used, and enjoyed for occupation by track, side-track, water stations, depot buildings, wharves, and warehouses," and such other "erections" as may be found necessary or convenient in the

shipping and storing of freight under the exclusive control of the owners of the railway then being constructed by the defendant from Portland to the head of the Wallamet valley; with a proviso, that the defendant should not sell or assign the premises otherwise than as an appurtenance to said railway, and that said grant shall be forfeited if said railway is not completed to the said premises before January 1, 1882; saving to the plaintiff "any pecuniary or property rights" which it may have in said premises "as a municipal corporation, and which the state may not lawfully appropriate in this act."

In pursuance of this act the defendant entered upon the premises and commenced to prepare the ground for the uses specified in the act. The plaintiff, claiming the act of the legislature to be in excess of its power, and therefore void, on January 31, 1881, commenced a suit in the state circuit court for this county, perpetually to enjoin the defendant from occupying or using the premises thereunder, and on the same day obtained an *ex parte* order for a temporary injunction, restraining the defendant as prayed for in the bill, which was served on February 2d, thereafter. Afterwards, on February 17th, the suit, on the petition of the defendant, was removed to this court, and the transcript filed herein on February 25th. On March 17th, the defendant filed a petition asking that the injunction heretofore granted be modified so as to allow it the use of the premises for a track and side tracks, to facilitate the construction of its road from Portland to the point where it will connect with the junction of the sections thereof already constructed between a point in Marion county and Brownsville, Linn county, on the east side of the Wallamet river, and Dayton and Sheridan and Dallas, on the west side, stating that it is the owner of the east part of block 71, lying immediately north of said levee, and has a wharf thereon for the loading and unloading of sea-going vessels; that the iron for constructing said railway must be imported in such vessels, and that if allowed the use of the levee as aforesaid, in connection with said block 71 and wharf thereon, it can receive and forward said iron at a great sav-

ing of time and expense; that no use is now being made of said levee, and that a track can be laid across it without interfering with the use of it as a levee, and without materially affecting the surface of the ground. On March 21st, the plaintiff showed cause against the application by the affidavit of its clerk, and the matter was argued by counsel.

There is no doubt of the power of the court to grant this petition at this stage of the proceedings; for, although the cause is not for trial or hearing in this court until the first day of the next term,—the second Monday in April,—yet it is in this court from the date of the removal, and such conservatory acts as the allowance or modification of an injunction may be had therein at any time thereafter. *Mahoney Mining Co.* v. *Bennett*, 4 Sawy. 289; *New Orleans City R. Co.* v. *Crescent City R. Co.* 5 FED. REP. 160.* The final determination of this case will turn upon the validity of the legislative act granting the use of the premises to the defendant.

The presumption is in favor of the validity of the act, and at this stage of the litigation this presumption ought to have weight. At least it will not do to assume that the act is invalid, but only that it may be so. There are no particular equities in the bill which the defendant must answer before it is entitled to a modification of this injunction. At best, it is only a suit to try the title of the defendant to property which is claimed to be subject to a public easement, and a preliminary injunction is only allowed to preserve the property for such use, in case it is determined that the defendant has no title thereto. Therefore the defendant ought not to be any further restrained, until the invalidity of its title is determined, than is necessary to preserve the property for the purpose to which the plaintiff claims it is devoted. The property is an unimproved piece of ground, of which no practical use has ever been made as a public levee or landing, and probably never will be, until it is improved by the erection of wharves and warehouses thereon. The business of loading and unloading vessels is not done in this country upon open quays or

*See, also, *In the Matter of the Petition of the Barnesville & Moorhead Ry. Co.*, 4 FED. REP. 10.

mud banks. The use of the property for laying and operating a track and side track thereon during the pendency of this suit, so as to enable the defendant to connect the construction of its road by rail with its wharf on block 71 aforesaid, and complete it in time to prevent a forfeiture of the grant, will work no possible harm to the plaintiff or public, and may be of much benefit to the defendant; for it seems that by the act the defendant must complete its road "to the said premises," or place "erections" thereon of the value of $10,000, before January 1, 1882, or the grant is forfeited. On account of this injunction it cannot place the "erections" on the property, and, unless it is modified as suggested, it may not be able to comply with the other condition.

Indeed, there is but little reason for a preliminary injunction in this case at all. As has been said, the public is making no use of the property as a levee or otherwise, and cannot until it is improved; and if the defendant was even permitted to go on and build a depot thereon, as well as a track and side tracks, what harm would result to the plaintiff from it? If the final determination is against the defendant, it may be compelled to remove them, (*C. S. U. Co.* v. *V. & G. H. W. Co.* 1 Sawy. 482;) or, what is more likely, the plaintiff may keep the improvements as a part of its property and thereby gain what the other loses. Nor is there any suggestion that the defendant is insolvent, and unable to respond in damages for any injury it may cause to the property of the plaintiff. If this were a public levee or landing in fact as well as name, and the defendant was materially interfering with the public use of the premises by its proposed "erections" and "constructions," there would be ground for restraining it until its right to do so was finally determined. But, as it is, there is no public use to be disturbed, and the actual controversy is confined to the right of the defendant to the exclusive use of the premises; and their use by it in the meantime, in such a way as to cause no injury thereto, and at least not to materially interfere with the public use, if any, ought not to be restrained.

Again, in the consideration of this question, it ought not

to be forgotten that the speedy construction of the defendant's railway to a deep-water landing in this city is a public enterprise in which the public is interested. As such, the legislature has undertaken to encourage and promote its completion at an early day. On this consideration alone a court will be careful, in the exercise of the power of injunction before final decree, not needlessly or lightly to interfere with the progress of such an enterprise, or by delaying or impeding its construction for a season, deprive the community of the benefits that may be derived from it. Besides, the court has authority, in the exercise of this power, to take security against any injury which the plaintiff may sustain by reason of the acts permitted to the defendant. *N. P. R. Co.* v. *St. P., M. & M. Ry. Co.* 4 FED. REP. 692.

Let the injunction be modified so as to permit the defendant to construct and operate a track and side tracks over and upon the premises during the pendency of this suit; it first giving bond in the penal sum of $5,000, with one or more sureties, to be taken and approved by the master of this court, conditioned that it will, upon the order of this court or upon the entry of a final decree in this suit against the right and claim of the defendant to the use of said premises under and by virtue of said legislative act, remove said track and side tracks from said premises, and leave the same in as good a condition for use as a public levee as they now are; or the defendant may deposit, in the registry of this court, United States bonds of the par value of $5,000 as a security for the performance of said acts.