### HEIDECKER v. RED STAR LINE STEAM-SHIP CO.

*(Circuit Court S. D. New York. November 16, 1887.)*

REMOVAL OF CAUSES—PRACTICE AFTER REMOVAL.

An action was begun in New York by complaint, and removed, 14 days after service of the complaint, into the United States circuit court, by the defendant, where it was filed. Nineteen days after the filing, a demurrer was served, which was refused on the ground that it came too late, whereupon a motion was made to compel plaintiff to accept it. *Held*, under the removal statutes, providing "that after the removal the cause shall then proceed in the same manner as if originally commenced in the said circuit court," the time for answering or demurring had expired; but the motion would be considered as an application to open a default, and would be granted.

*Jacob P. Berg*, for plaintiff.
*Biddle & Ward*, for defendant.

LACOMBE, J.   This action was begun in the state court by service of a summons on March 5th.   Defendant, on March 24th, served notice of appearance.   On April 2d, the complaint was served, and on April 16th, defendant removed the cause to this court, but did not file the record until October 3d.   On October 22d, defendant served a demurrer, which plaintiff returned, as served too late.   Upon this state of facts two motions are made, one by the defendant, to compel plaintiff to receive the demurrer, and the other by plaintiff, for an assessment of damages as upon default.

The removal statutes provide that, after the petition and bond are filed in the state court, it shall be the duty of that court to accept said petition and bond, and to proceed no further in the matter; and that, when the record is entered in the United States circuit court, "the cause shall then proceed in the same manner as if originally commenced in the said circuit court."

The plaintiff contends that the time to answer or demur expired on April 22d, while the defendant insists that he has 20 days from the filing of the record in which to plead, and contends that such is the constant practice.   In this he is in error.   Such is, no- doubt, the rule in the eighth circuit, (*Webster* v. *Crothers,* 1 Dill. 301;) but in this circuit the usual practice upon entering the record is to obtain an extension of the time to plead, and it has never been held here that where no extension is obtained, the defendant has 20 days from the entering of the record in which to serve his answer or demurrer.   The state practice allows the defendant 20 days in which to determine whether he will answer or demur, and to prepare and serve his pleading.   The removal act of 1887, requires the defendant to determine whether or not he will remove, and to make and file his petition and bond in the state court, within the same period.   Both the time to remove and the time to plead are thus, up to the date of removal, running against the defendant.

When the record is entered in this court, "the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court."   If it had been originally commenced in this court, the time to answer would begin to run against the defendant when the complaint was served, and would expire in 20 days.   In view, however, of the fact that intermediate the filing of the petition and bond, and the entering of the record, there was no court in which the pleading might be rightly filed, that interval should not be counted as part of the 20 days.   The application of these rules to the present case would leave the defendant six days after entering the record, in which to serve his answer; 14 days of his 20 having passed before removal.   The demurrer was, therefore, served too late.

The application to compel the plaintiff to receive the pleading may, however, be treated as a motion to open the default, and as such will be granted upon defendant's stipulating to accept notice of trial for this term; the case to be set on the October calendar of common-law demurrers.

The motion to assess damages is denied.