PELZER MANUF'G CO. *v.* ST. PAUL FIRE & MARINE INS. CO.

SAME *v.* SAVANNAH FIRE & MARINE INS. CO.

(*Circuit Court, D. South Carolina.*   November 2, 1889.)

FEDERAL COURTS—PRACTICE—TIME TO ANSWER.
    The period allowed the defendant to answer or demur by Code S. C. is suspended by filing in the state court bond and petition for removal to the United States circuit court, and becomes current when the record is filed in that court; and, under the circuit court rules, (fourth circuit,) the defendant will be in time if he serve his defense before the rule-day next thereafter.

In Equity.   Motion for leave to file answer.

*Smythe & Lee,* for plaintiff.
*Julius H. Heyward* and *Jos. W. Barnwell,* for defendants.

SIMONTON, J. The action in each of these cases began in the circuit court of South Carolina for the county of Greenville. The summons in each was issued, and complaint filed, on 31st July, 1889. On 17th August thereafter, a petition for removal into this court, with a proper bond, was filed by defendant; the ground for removal being diversity of citizenship, and the amount in controversy being over $2,000 principal. On 4th October, 1889, the first term of the state circuit court next after filing the petition, an order was passed by that court, on motion of the attorney for defendant, directing the record in each case to be sent here. The records were filed with the clerk of this court on the 18th of October, 1889. Thereupon the plaintiff's attorney, no answer or demurrer having been filed, gave notice that on the rules-day next thereafter, 4th November, he would move before the clerk for judgment by default, under our rule 12. The defendant comes in with affidavit, and after notice, craving in each case "leave to answer in this action, and for such other relief as may be proper."

When a proper petition and bond are filed in the state court, the jurisdiction of this court is complete, the rightful jurisdiction of the state court is at an end, and no further proceedings can properly be had there, unless, in some form, its jurisdiction is restored. *Railroad Co.* v. *Mississippi,* 102 U. S. 135; *Insurance Co.* v. *Dunn,* 19 Wall. 214; *Railroad Co.* v. *Koontz,* 104 U. S. 14. When the case comes here, this court takes it in the same condition it was when it left the state court. The removal does not vacate or change what has been done, but simply carries the suit to the circuit court for further proceedings. *Duncan* v. *Gegan,* 101 U. S. 812. It is necessary, however, that a copy of the record from the state court be entered in this court, in order to enable it to proceed with the cause, although the jurisdiction does not depend on this entry. *Fisk* v. *Railroad Co.,* 6 Blatchf. 362; *Railroad Co.* v. *Koontz,* 104 U. S. 15; *Torrent* v. *Lumber Co.,* 37 Fed. Rep. 728. See *Webster* v. *Crothers,* 1 Dill. 301. In each of the present cases, the summons, with the complaint, was served 31st July. The petition and bond were filed 17th August. Sixteen of the twenty days allowed under the Code to the defendant to demur or answer had elapsed. At this stage it came into this court. But, before this court could proceed, the record should be filed here. This was done on October 18th, at the instance of the defendants. See *Mining Co.* v. *Bennett,* 4 Sawy. 289. Thereupon the period for demurring or answering, suspended by the removal, again became current. Under our rules, the defendants, if they serve their defense before the rule-day next thereafter, —the rule-day in November,—will be in time. Let the answers be filed as of to-day.