BRYCE v. SOUTHERN RY. CO. et al.

(Circuit Court, D. South Carolina. January 30, 1904.)

1. FEDERAL COURTS—REMOVAL OF CAUSES—UNDETERMINED MOTIONS.
Where, at the time a petition for the removal of a cause was filed, a motion to make the complaint more definite and certain was pending and undetermined in the state court, such motion was transferred to the federal court with the record, to be there determined.

2. SAME—TIME FOR ANSWERING—EXTENSION.
The removal of a cause to the federal court did not extend the time for answering the complaint.

3. SAME—DETERMINATION.
The time for answering a complaint in a case removed to the federal courts from a state court is fixed by ascertaining the number of days which had elapsed between the service of the complaint in the state court and the date of the removal, suspending the time between such removal and the date the record reaches the federal court, which then begins to run from the day of the entry in such court, and, as provided by the circuit court rules (Fourth Circuit), the defendant will be in time if he serves his answer on a rule day within 20 days thereafter.

4. SAME—MOTION TO REMAND—EXTENSION OF TIME.
Where, after the removal of a cause to the federal court, a motion to remand is made, such motion extends the time to answer until the rule day next succeeding the determination thereof.

5. SAME—FAILURE TO ANSWER—DEFAULT—JUDGMENT—VACATION—TERMS.
Where, after the removal of a cause to the federal court, a motion to remand was made, which was determined before the hearing of a motion to make the complaint more definite and certain, which had been filed in the state court and removed with the record, and by reason of the pendency of such motion undetermined defendant filed no answer within the

---

¶ 2. See Removal of Causes, vol. 42, Cent. Dig. § 249.

time required, and judgment was taken by default, such judgment will be set aside on terms, under Code S. C. § 195, providing that the court in its discretion, and on such terms as may be deemed just, may allow an answer to be made after the time limited by the Code has expired.

6. SAME—CARRIERS—INJURIES TO PASSENGERS—COMPLAINT—DEFINITENESS.

Where, in an action by a passenger against a carrier for injuries, his complaint alleged that the train on which he was riding was derailed, and that he was injured in consequence thereof, it alleged a sufficient cause of action, and was not subject to a motion to make it more definite and certain; the burden being on the carrier to show that the derailment did not occur from its negligence or the negligence of its servants.

See 125 Fed. 958.

J. P. K. Bryan, for plaintiff.
Joseph W. Barnwell, for defendants.

SIMONTON, Circuit Judge. This case now comes up on motion to make the complaint more definite and certain. The action began in the state court at Orangeburg. The plaintiff, William Bryce, brought suit against the Southern Railway Company and the conductor and engineer of one of its trains for personal injuries suffered by plaintiff, a passenger, by reason of the derailment of the train on which he was. A petition for removal, with bond, was filed in the state court, and the record was filed here.

A motion was made to remand the cause. The motion was heard and elaborately argued, and was refused, this court holding that the complaint stated a separable controversy with the Southern Railway (122 Fed. 709). Counsel for the plaintiff asked for a rehearing, this request was granted. The cause was again heard, and the order refusing the remand was affirmed (125 Fed. 958). It appeared that on the twentieth day after the service of the complaint the defendant had entered in the state court a motion that the complaint be made more definite and certain. On the same day, but after entering this motion, the petition for removal was filed. As the cause came into this court in the same plight as it left the state court (Duncan v. Gegan, 101 U. S. 810, 25 L. Ed. 875), this notice of the motion to make more definite and certain came with it. The removal did not extend the time for answering the complaint. This time for answering is fixed by ascertaining the number of days which had elapsed between the service of the complaint in the state court and the date of the removal. Suspending the time until the record reaches this court, which then begins to run from the date of the entry here, under our rule the answer is due the rule day, within 20 days thereafter. Pelzer Mfg. Co. v. St. Paul (C. C.) 40 Fed. 185. This record came in March 17, 1903, and under ordinary circumstances the answer was due on the rule day in April thereafter. But the motion to remand was not finally determined until November, 1903. The answer, therefore, unless there be some reason to the contrary, was due at the rule day in December. No answer having been filed on that day, nor at the January rules, plaintiff entered a judgment by default.

Under our rule, the judgment by default will entitle him to obtain a verdict from the jury at the term next succeeding the judgment by default. The defendant now seeks to avoid the judgment by default

by pressing his motion to make the complaint more definite and certain, contending that having duly entered this motion he was not bound to answer until it was disposed of, subject, however, to the opinion of the court hearing the motion whether the grounds on which he proceeds are frivolous or intended for delay only; in which case he will be put on terms, or perhaps fail in setting aside or avoiding a judgment by default. The questions thus before us are:

First, when a motion to make a complaint more definite and certain is made, must it be heard before the time for answering the complaint has expired? This character of motion is allowed in section 181 of the Code of Civil Procedure of South Carolina. No time is fixed in the section for making the motion. In Bowden v. Winsmith, 11 S. C. 409, it is said it must be made before answer filed; and in Zimmerman v. McMakin, 22 S. C. 375, 53 Am. Rep. 720, it is said that it must be made before trial. Rule 20 of the circuit court of South Carolina says that "it must be noticed before demurring or answering the pleadings and within twenty days after service thereof." There does not seem to be any case reported, certainly none has been cited, holding that such motion must be heard as well as noticed within 20 days after service of pleading. As full 20 days are given within which to serve such notice, the same period prescribed for filing the defense, it seems reasonable to conclude that the motion, though noticed within 20 days, need not be heard within that period. See Allen v. Cooley, 60 S. C. 370, 38 S. E. 622.

The question remains, however: Granted that such a motion may be heard after the expiration of the 20 days, does the pendency of the motion suspend the requirement of the Code that the demurrer or answer must be filed within 20 days after service of the complaint? The summons in every case notifies the defendant that 20 days after service of the complaint the plaintiff will apply to the court for the relief demanded. Code, § 150. Section 164 requires that the defendant must file his defense, whether by demurrer or answer, within 20 days after service of the complaint. Section 267 of the Code provides that if a plaintiff file proof of lawful service of summons and complaint on defendant, and that no appearance has been filed, or answer or demurrer served, the clerk must put the case on the default calendar, to be called on the first day of the next term. Such is our rule also. These rules seem to be imperative. Yet it is earnestly contended that, when a defendant bona fide asks that a complaint may be made more definite and certain, he cannot intelligently and fully make his defense until he knows the precise charge against him, and that it would be illogical to require him to make a defense necessarily imperfect. The point has not been decided in South Carolina. In Whaley v. Lawton, 53 S. C. 580, 31 S. E. 660, a motion was made to make a complaint more definite and certain, and then an answer was filed. The court below held that this waived the motion. The Supreme Court, commenting on this ruling, disapproved of it, but affirmed the decree below on another ground. After hearing this motion, inquiry has been made by the court of three practicing attorneys at this bar upon their practice in these cases. One of them replies that in every case, out of abundant caution, he files his defense notwithstanding the motion, or pro-

cures an order extending the time to file it. The others say that in their practice they always claimed that the time within which to file their defense was suspended ipso facto by the motion to make more definite and certain, and that they have never heard the matter disputed. The learned counsel for the defendant in this case has produced very many instances in his practice in railroad cases in which he has made this motion, and in every case has acted as if the time for answering had been ipso facto suspended.

In the absence of any decision in the state court, and with the contrariety of practice among members of the bar, the experience of the plaintiff's attorney being exactly contradictory to that of the defendant's attorney, this court will not definitely decide this point. The safer course unquestionably is to file the defense within the prescribed time, or obtain an order extending it.

Considering the doubt upon this question, the beneficial provisions of section 195 of the Code can be applied, and the judgment by default can be set aside on terms.

With regard to the motion to make the complaint more definite and certain, that is refused. The cause was removed into this court upon the ground that the complaint in full contained proper charges against the Southern Railway, but did not state a cause of action against the conductor and engineer. The plaintiff was a passenger on the Southern Railway, a common carrier, the train was derailed, and he was injured. All this he states distinctly. This makes a complete case. The law puts on the Southern Railway the burden of showing that the derailment did not occur from its own negligence or the negligence of any of its servants. Plaintiff is not bound to tell how or why the accident occurred. He need only state that it occurred to him, a passenger on the Southern Railway, on the passage.

It is ordered that the judgment by default be set aside, provided the defendant file his answer and serve a copy thereof upon the plaintiff on or before 15th of February, 1904, and that the case be prepared for trial at the ensuing April term of this court.