LADSON v. MOSTOWITZ.

1. COMPLAINT—DEMURRER.—A complaint which states *any* cause of action is not demurrable.
2. CLAIM AND DELIVERY—COMPLAINT.—An allegation of demand and refusal is not necessary in an action in *claim and delivery* against a defendant who took the chattel wrongfully, with notice of plaintiff's title.
3. IBID.—IBID.—DEMURRER.—Allegations of demand and refusal are essential to a complaint in *claim and delivery* against a buyer in good faith from the person who converted the property, and an allegation that he still unjustly detains the same is insufficient.
4. CASE DISTINGUISHED.—*Lowry* v. *Jackson*, 27 S. C., 318, distinguished from this.

Before GARY, J., Beaufort, February, 1895. Modified.

Action in claim and delivery on the following complaint:

I. That the plaintiffs, Alice Ladson, Susanna Ladson, Mary Ladson, Lucy Ladson, Joseph Ladson, and Laurena Ladson, are infants under the age of twenty-one years.

II. That on the 2d day of July, 1894, at Beaufort, S. C., the said Kate Ladson was duly appointed by the judge of probate of this county guardian of said infant plaintiffs for the purposes of this action.

III. That at the times hereinafter mentioned the plaintiffs were and still are the owners of one bay mare, called Clara, worth $100, and one bay colt, called Lillie, worth $75, and were then in lawful possession thereof.

IV. That on the 9th day of May, 1894, at or near Kean's Neck, in this county, the defendant, M. Mostowitz, wrongfully took said mare and colt from the possession of these plaintiffs; that he subsequently sold the mare to the defendant, Prime White, and the defendants still unjustly detain the said mare and colt, to the damage of the plaintiffs $200.

Wherefore plaintiffs demand judgment against the defendant for the recovery of the possession of said mare and colt or for the sum of $175, the value thereof, in case a delivery cannot be had, together with $200, their damages, and for the costs of this action.

The defendants demurred separately, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The Circuit Judge overruled both demurrers, and the defendants appeal on the following exceptions:

I. Because the Circuit Judge erred in holding that the complaint herein did state facts sufficient to constitute a cause of action as to each of the defendants, and in overruling the demurrers of the respective defendants.

II. Because the complaint was against the defendants jointly, but failed to show any joint action on their part; on the contrary, showed separate and individual action on the part of the defendants respectively.

III. Because there was no allegation of joint or collusive action on the part of the defendants.

IV. Because, as to the defendant, Mostowitz, the complaint stated him to be out of possession of the property sued for, and, the action being one for recovery of specific personal property, it could not be maintained against one not in possession of the property sued for.

V. Because, as to the defendant, Prime White, the complaint, while stating that he came into possession of the property by purchase, failed to allege demand upon him before bringing suit.

*Mr. W. J. Verdier*, for appellant.

*Mr. Thos. Talbird*, contra.

Oct. 17, 1895. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for claim and delivery of certain personal property. The defendant, Prime White, demurred to the complaint, which, together with appellant's exceptions, will be incorporated in the report of the case, on the ground that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action against him.

The defendant, Mostowitz, answered, but at the trial, before reading his answer, interposed an oral demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

The demurrers were then heard, the Circuit Judge overruled both demurrers, holding that the complaint was sufficient in its statements. The defendants gave notice of intention to appeal, and the further hearing of the case was suspended to await the result of the appeal.

Although this is an action for *claim and delivery*, the demurrers cannot be sustained if the facts stated in the complaint are sufficient to constitute *any* cause of action against the defendant. In *Burr* v. *Brantley*, 40 S. C., 540, the Court says: "So, also, if the facts stated in the complaint are sufficient to constitute *any* cause of action, the demurrer cannot be sustained, even though such

facts may not be sufficient to sustain the particular cause of action upon which the complaint may seem to be based. *Sewing Machine Co.* v. *Wray*, 28 S. C., 86."

The case of *Harris* v. *Saunders*, reported as a note in 2 Strob. Eq., 370, shows that a good cause of action is stated against the defendant, M. Mostowitz. The Court, in that case, says: "A conversion may arise either by a wrongful taking of the chattel or by some other illegal assumption of ownership, by illegally using or mis-using it, or by a wrongful detention; perhaps more accurately defined by another writer thus: a conversion seems to consist of any tortious act by which the defendant deprives the plaintiff of his goods, either wholly or but for a time; any act of the defendant inconsistent with the plaintiff's right of possession or subversive of his right of property is a conversion. Here the defendant, after the accrual of the plaintiff's title and right of possession, having the slave in his own hands, by purchase from one who had no title, sold him to another, who carried him beyond the plaintiffs reach, and put the price in his pocket. If this be not a conversion, and a very effectual one, too, it is difficult to imagine what would constitute a conversion. The argument is, that inasmuch as the defendant was not aware of the plaintiff's title, he is not liable after the sale. It is not denied that he would be liable if he had retained the property, and refused to give it up. Can the sale make any difference, when he thereby made property of him and has the proceeds in his pocket? The sale was an act by which the plaintiff was wholly deprived of his property, and it was not the less his property because the defendant was not aware of his title, and purchased from another." The exceptions complaining of error on the part of the Circuit Judge in overruling the demurrer as to the defendant, M. Mostowitz, are overruled.

We will next consider the exceptions complaining of error on the part of the Circuit Judge in overruling the demurrer as to the defendant, Prime White. There is

no allegation of any demand upon Prime White for the possession of the mare, which he bought from the defendant, Mostowitz, and no allegation that said White had any knowledge or notice of any kind that Mostowitz had wrongfully taken the mare from the possession of the plaintiffs, and no allegation of any wrongful act on the part of the defendant, White. The allegation that "the defendants still *unjustly* detained the said mare and colt," does not amount to an allegation of any *wrongful act* on the part of White. If it be true that the plaintiffs are the lawful owners of these animals, and are entitled to the possession thereof, then any detention of them, even by the most innocent person, would be *unjust* to the plaintiffs, but it could not be said to be *wrongful*. For, as was said in *Burchhalter* v. *Mitchell*, 27 S. C., at page 243, in speaking of the question whether, in the event the jury believed that the defendant had honestly acquired possession, in ignorance of plaintiff's claim, even though the person from whom he acquired such possession was a wrongdoer, a demand was necessary, the Court says, "that one who is thus in possession cannot be mulcted in costs until some demand is made upon him by the rightful owner to surrender possession; until such demand is made, and refusal, he is no wrongdoer; for having acquired the property in question honestly, without any notice or knowledge of the claim of any one else, he does no wrong by simply retaining such possession until demand and refusal, for it is then only that his wrong begins. When, however, one acquires possession wrongfully, and with notice of another's claim, then no demand is necessary, for his wrong in that case begins with his possession." So that in this case, the allegation being made in the complaint that the defendant, Mostowitz, "wrongfully took said mare and colt from the possession of these plaintiffs," there was no necessity to allege any demand upon *him;* but there being no allegation that the defendant, White, had done any *wrongful act*, or even had any notice of plaintiffs' claim prior to the commencement

of this action, a demand upon *him*, and a refusal to comply with such demand, was necessary to give the plaintiffs any cause of action against him; for, it may be, from all that appears, that he would have complied with such demand. We are of opinion, therefore, that there was error in overruling the demurrer as to the defendant, Prime White, and to this extent the judgment appealed from should be modified.

It will be observed that these defendants did not demur *jointly*, as in the case of *Lowry* v. *Jackson*, 27 S. C., 318, but they filed separate demurrers, and hence that case does not apply.

It is the judgment of this Court, that the judgment of the Circuit Court be so modified as to conform to the views herein announced.