7252

## CROSLAND v. GRAHAM.

1. CHARGE.—Failure to mention in a charge a specific request but covering the substance in the general charge is substantially charging the request.
2. CONVERSION—DAMAGES.—A lumberman is liable for the actual value of timber received by him from an independent contractor sawing timber for him whether he know the independent contractor had unlawfully cut the timber off the lands of another or not.
3. NEW TRIAL—APPEAL.—Alleged error in refusing new trial will not be considered where the record does not show grounds of the motion.
4. EVIDENCE—TRESPASS.—Evidence as to other trespasses held not prejudicial here.

Before WATTS, J., Marlboro, summer term, 1908. Affirmed.

Action by Charles Crosland against Cornelius M. Graham. From judgment for plaintiff, defendant appeals.

*Messrs. Rogers* and *LeGrand* for appellant. *Mr. Rogers* cites: *An employer is not liable for the tort of his contractor:* 31 S. C., 378.

*Messrs. Livingston & Muller,* contra, cite: *Whether McLucas was an independent contractor was for jury:* 31 S. C., 378. *Defendant and his contractor are joint tort feasors:* Jagg. on Torts, 210, 213, 212. *Motive and general conduct admissible in case for punitive damages:* 28 Ency., 600.

July 20, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. The plaintiff for a first cause of action alleged that the defendant entered upon his lands and cut down eighty-three trees, valued at one hundred and sixty-six dollars, converted them into lumber, and sold them for his own use.

For a second cause of action he alleged that the said acts were done wilfully and maliciously, to his damage five hundred dollars.

The jury rendered a verdict in favor of the plaintiff for one hundred and sixty-six dollars, actual damage, and two hundred and seventy dollars, punitive damages, aggregating four hundred and thirty-six dollars.

The defendant appealed, and the first assignment of error is, that his Honor, the presiding Judge, erred in refusing to charge the defendant's first request, which was as follows: "When a person employs another to do certain work, under a contract by the term of which the contractor is to furnish his own labor, machinery, tools, etc., and perform the work independent of the control of the employer for an agreed price, the contractor is an independent contractor and the relation of master and servant is not thereby created. And the employer is not liable for the negligence, trespass or other tort done by such contractor."

It is true the presiding Judge did not mention this request in his charge, but the proposition for which, the appellant contends, was substantially stated in the general charge.

The next error assigned is, that the Circuit Judge refused to charge the defendant's second request, which was as follows: "The contract in this case, between the defendant and McLucas, is shown to have been in writing, and if the jury believe that the terms of such contract were, as testified to by defendant, then such contract created the relation of independent contractor in McLucas—and defendant would not be liable for his trespass."

The Circuit Judge could not have charged as requested without ignoring other testimony bearing directly upon this question.

The third exception is as follows: "Because his Honor erred in using the following language to the jury: 'If you conclude that McLucas was on Graham's land, and acted

independently and not under the authority of Graham, and he, independently or through his agents or servants, trespassed upon Crosland's land, and cut and carried away his timber, without Graham's knowledge, and it was not within the scope of authority conferred on him by Graham, then, under these circumstances, Graham would not be liable and your verdict will be for the defendant.' The error being this, that he made Graham's non-liability for the independent act of McLucas dependent upon his ignorance of such act of McLucas. It being respectfully submitted, that Graham would not be liable for such act of McLucas, even though he saw him commit it."

When that portion of the charge, set out in the exception, is considered in connection with the entire charge, it will be seen clearly that it is free from the error assigned.

Furthermore, the charge was too favorable to the defendant, as he could not escape liability for the actual value of the lumber, converted by him to his own use, even though he did not know that the trees from which it was sawed were cut unlawfully by McLucas from the lands of the plaintiff, without the knowledge or authority of the defendant. *Harris* v. *Saunders,* reported as a note in 2 Strob. Eq., 370; *Ladson* v. *Mostowitz,* 45 S. C., 388, 23 S. E., 49; and concurring opinion in *Holliday* v. *Poston,* 60 S. C., 103, 38 S. E., 449.

The fourth exception is as follows: "Because his Honor erred in charging the jury as follows: 'Now, I charge you further, that if McLucas was acting independently, and not under the authority of Mr. Graham, and he committed these trespasses, if it was committed, and Mr. Crosland's timber was cut and carried away, and Mr. Graham knew nothing about it, then your verdict would be for the defendant; but, even if McLucas did not have authority from Graham, and Graham afterwards ascertained that the trespasses had been committed by McLucas, and he then took

the timber brought over from Crosland's land, and converted it to his own use, and thereby confirmed what had been done by McLucas, under these circumstances Graham would be liable for such actual damages as Crosland sustained, if any. · If McLucas did it without the knowledge or authority of Graham, and after he did it Graham ascertained that he had done it, and had knowledge of the fact, and took the timber and paid what he contracted to pay McLucas for sawing his timber, and confirmed it in that way, with full knowledge of the fact that the trespasses had been committed, then, under circumstances of this sort, he would be liable for the value of the timber brought off of Crosland's land.' It being submitted, that he committed error therein in this, that he adjudged the defendant liable for the act of another, even though not his agent or servant, upon the mere fact of his acquiring knowledge of that other person's guilt, and further erred by holding that one person can be held responsible for the act of another for the sole and only reason that he endorsed or approved it. It being respectfully submitted, that the language used by the Court and quoted above should have been qualified by being made conditional upon the jury finding as matter of fact that McLucas had been proven to be the agent of Graham. Because a principal may become liable for the act of his agent when acting beyond the scope of his authority by subsequent confirmation, but if McLucas was acting independently and on his own authority, no confirmation of Graham could relate back to the unlawful act of McLucas, howsoever liable he might be for any subsequent act done by him and McLucas jointly."

The ground upon which the liability of the defendant rested was his own act, in converting the lumber to his own use, and it was not necessary that he should ratify the acts of McLucas as his agent in order for his liability to attach. The cases just cited show that this exception can not be sustained.

The fifth exception assigning error, in refusing the motion for a new trial must be overruled, for the reason that the grounds upon which the motion was made are not set out in the record.

The sixth and seventh exceptions assign error, on the part of the presiding Judge, in allowing the plaintiff to introduce testimony as to other trespasses on his land, committed by the defendant. We fail to discover in what respect this testimony may reasonably be supposed to have been prejudicial to the rights of the appellant.

The eighth exception is to general for consideration.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.