### 8020

#### ROBERT R. SIZER & CO. v. DOPSON.

1. CLAIM AND DELIVERY—DEMAND.—Where a defendant in claim and delivery has converted the property, demand for possession before action is not necessary.

2. IBID.—DAMAGES for the destruction of a business are not recoverable in an action for claim and delivery. Only damages resulting from the taking and detention should be awarded in such actions.

Before MEMMINGER, J., Hampton, Fall term, 1910. Reversed.

Action by Robert R. Sizer & Co. against B. H. Dopson and Charleston and Western Carolina Railroad Company. Plaintiff appeals.

*Messrs. E. F. Warren, B. A. Hagood* and *Arthur R. Young,* for appellant.  The two latter cite: *As to measure of damages:* 170 U. S. 468; 1 Bay 270; 1 N. & McC. 221, 237; 6 Rich. 310; 20 S. E. 509; 39 S. C. 365; 27 S. C. 240. *Demand not necessary after conversion:* 47 S. C. 335; 48 S. C. 421; 59 S. C. 488; 60 S. C. 103; 72 S. C. 458.

*Messrs. W. P. Tillinghast* and *W. H. Townsend,* contra, for Dopson, cite: *Plaintiff could recover actual damages:* 78 S. C. 421; 80 S. C. 49.  *And any damages resulting from taking and holding:* 93 Ill. App. 112; 71 S. C. 6; Code of Proc., secs. 283, 299; 83 S. C. 458.  *This Court cannot inquire into sufficiency of evidence not objected to:* 23 S. C.

286; 80 S. C. 9, 50; 84 S. C. 165; 65 S. C. 356, 510; 71 S. C. 104; 69 S. C. 110; 70 S. C. 107. *Demand not necessary after conversion:* 45 S. C. 388; 70 S. C. 148.

October 25, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. Robert R. Sizer & Company, a corporation, brought this action of claim and delivery against B. H. Dopson and the Charleston and Western Carolina Railroad Company, and thereunder took from the railroad company a lot of lumber loaded on cars consigned by Dopson to A. R. Sykes and Jackson Lumber Company, Savannah, Ga. The railroad company, being a mere carrier in possession, has no interest in the cause. Dopson answered, denying the plaintiff's allegation of ownership, alleging the value of the lumber to be $300, and setting up a claim of $1,000 damages by reason of the plaintiff's having seized and withheld the property "carelessly, wilfully, recklessly and maliciously." On the trial the Circuit Court instructed the jury that there was no evidence warranting a verdict for punitive damages. The verdict was in favor of the defendant for the return of the property, or its value $300, and $500 damages. The Court refused a motion for a new trial made on the ground, as appears from the order of the Court, that the verdict was "excessive and unsupported by the evidence."

Error is assigned in the instruction given to the jury that the verdict must be in favor of the defendant Dopson if they found that the plaintiff had not demanded possession of the lumber before bringing the action. There was no demurrer to the complaint, and the correctness of the instruction depends upon the issue made by the evidence.

The defendant was the owner of a sawmill and was largely indebted to the plaintiff for advances for the purchase of timber and for other purposes. The evidence on

the part of the plaintiff tended to prove that the defendant had agreed that all the lumber manufactured by him except boards should be the property of the plaintiff corporation and consigned to it to be sold, and that the plaintiff should sell the lumber and apply the proceeds to the defendant's debt.    The evidence on the part of the defendant was to the effect that there was no such agreement and that the plaintiff had no right to the possession of the lumber in dispute.    The defendant repudiated the claim of the plaintiff by loading the lumber on cars and consigning and shipping it to other persons.    If the plaintiff was the owner of the property at defendant's mill, the defendant's act in shipping it to other persons was a distinct conversion of it.    The issue whether there had been a conversion of plaintiff's property by the defendant was thus clearly made by the evidence; and this issue could be decided only by the jury.    It was error to disregard the conflict thus made by the testimony, and instruct the jury as a proposition of law that the plaintiff could not recover unless the jury found that it had demanded the possession from the defendant before bringing the action; for if defendant had converted the property of the plaintiff, demand for possession before action was not necessary.    *Jones* v. *Dugan,* 1 McC. Law, 428; *Harris* v. *Saunders,* 2 Strob. Eq. 370; *McPherson* v. *Neuffer,* 11 Rich. L. 267; *Ladson* v. *Mostowitz,* 45 S. C. 388, 23 S. E. 49; *Girardeau* v. *Sou. Express Co.,* 48 S. C. 421, 26 S. E. 711; *Holliday* v. *Poston,* 60 S. C. 103, 38 S. E. 449.

The answer was a sufficient basis for proof of both actual and punitive damages.    On the subject of damages the jury were instructed: "I have not been able to discover any evidence here which would warrant you in finding punitive damages.    So I am going to charge you in this case that you can only find actual damages, in case you find that he (the defendant) is entitled to damages. Such actual damages as he suffered from the taking and detention.    That means such actual damages as he suffered,

as was reasonably consequent upon the taking and withhold-ing of the property from the defendant's possession by Sizer & Company.　You can not go into remote and specu-lative elements of damages, such as what he might have lost by way of profits on the mill, but get down to exactly what he lost, as a reasonable consequence, as a proximate result, of the taking and withholding of the property."　The plain-tiff's contention is that under this charge there was no sup-port in the evidence for a recovery of $500 damages, and that the refusal to grant a new trial on this ground was error of law.

In actions for conversion or for the taking and detention of personal property the general rule is that the measure of damages is the value of the property with interest thereon, and the jury may give the highest value up to the time of the trial, *Rogers* v. *Randall,* 2 Speer. 38; *Gregg* v. *Bank of Columbia,* 72 S. C. 458; and if the party wrongfully in pos-session has received any benefit therefrom the jury may take that into account, *Buford* v. *Fannen,* 1 Bay 273.　Punitive damages may now be recovered under the act of 1907 (25 Stat. 483), but the verdict of $500 could not be sustained as a finding of punitive damages because the presiding Judge instructed the jury that the evidence did not warrant puni-tive damages.　The instruction was also given that remote or speculative damages must be excluded and that a verdict for defendant should embrace only such damages as were a proximate result of the taking and withholding of the prop-erty.　The defendant estimated his losses due to the taking and detention of the lumber at $1,500 to $2,000.　This esti-mate was based on the statement that the seizure of the lum-ber prevented him from getting the money to pay his men, made it necessary for him to mortgage his house to get the money for that purpose, and finally so crippled him finan-cially that he was obliged to suspend his business of sawing lumber and turn over his property to the plaintiff corporation which had a mortgage on it.　These damages were all spe-

cial and remote—such as would not ordinarily result from
the taking of $300 worth of lumber. It was not alleged in
the answer, nor was there any evidence offered tending to
prove that the plaintiff had notice that such far-reaching
consequences would result from taking by process of law
under a claim of right three carloads of timber. This
being so, it seems clear that such damages were not recover-
able. In *Loeb* v. *Mann,* 39 S. C. 465, 18 S. E. 1, the Court
.hus states the rule: "The complaint does not make any
claim for special damages, and the Circuit Judge charged
that the case was not one for vindictive damages, so that it
must be considered as a plain and ordinary case for the
recovery of personal property, and damages for its deten-
tion. 'To recover damages for the detention of personal
property (the property having been delivered), special dam-
age cannot be recovered unless expressly alleged.' *Lips-
comb* v. *Tanner,* 31 S. C. 49. What is this special damage
which can not be proved without being specifically alleged?
There is certainly a lack of clearness in the authorities on
the subject, but it seems to us that what are called 'general
damages,' as contradistinguished from 'special damages,'
are admitted in evidence under a general allegation—indeed,
are inferred by the law itself—for the reason that they are
the immediate, direct and proximate result of the act com-
plained of, as, for instance, an injury to the property itself,
or its value, by detention, etc.; while damages which,
although the natural, are not the necessary consequence of
the act,. being outside of the 'costs and disbursements'
allowed by law, and consequential in their nature, are not
admissible in evidence without special notice of the claim in
the allegations of the complaint, and are, therefore, called
'special damages.' It is elementary that damages, in the
ordinary sense, must be the immediate result of the act com-
plained of." The same rule was laid down by the Supreme
Court of the United States in *Vance* v. *Vandercock,* 170 U.
S. 468, 42 L. Ed. 1111, where it was held that the damages

contemplated in such actions are those which result directly from the taking and detention, and cannot include the destruction of business.

The verdict of $500 was not supported by the evidence and was contrary to the charge of the presiding Judge, and for this reason the motion for a new trial should have been granted.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the cause be remanded to that Court for a new trial.