14375

INTERNATIONAL AGRICULTURAL CORP. v. LOCKHART
POWER CO.

(188 S. E., 243)

502

Before GRIMBALL, J., Spartanburg, May, 1936.

*Messrs. Sawyer & Sawyer* and *J. Hertz Brown*, for appellant,

*Messrs. Osborne & Butler,* for respondent,

November 10, 1936.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE A. L. GASTON.

Complaint herein was filed November 27, 1934. Demurrer thereto was served April 15, 1936, and was heard by Hon. Wm. H. Grimball, as presiding Judge, at Spartanburg, and overruled on May 25, 1936.

His order recites also "that the Plaintiff objected to the demurrer on the ground that a former demurrer on the same grounds had been overruled by Judge J. Henry Johnson, because of the insufficiency of the demurrer."

"I am of the opinion, however, that the demurrer presented before me should be considered on its merits."

This appeal is based on exceptions to the foregoing order, assigning error of law, in that it appears on the face of the

complaint that it fails to state facts sufficient to constitute a cause of action, because the complaint shows: (1) That the McWhirter-Lancaster Company was in rightful possession of the cedar poles, with authority to sell them, and that by delivery thereof to the appellant, it passed title to the poles to the appellant; (2) that appellant secured rightful possession of the poles, without notice of any defect in the title thereto; (3) that the complaint alleges in the alternative that McWhirter, etc., Company took the proceeds of the poles, and paid such proceeds to the appellant for application on an account, and the complaint fails to allege any right on the part of the respondent to pursue such proceeds and to recover the same from the appellant; (4) that no facts are alleged to show conversion by appellant of either the poles or of the proceeds, and the conclusions as to conversion are not justified, nor based on any facts; and (5) that the complaint fails to reveal any right belonging to the respondent invaded by any act or omission of the appellant.

Let Paragraphs 3 to 7, inclusive, of the complaint be reported. The respondent says, in the argument by its attorneys, that "it does appear (by the allegations of the Complaint) that the McWhirter Company occupied the position of a trustee and held respondent's property in that capacity. It appears that it did not do what its trust permitted it to do, and therefore it was guilty of a breach of trust, and the appellant having received respondent's property it is liable to respondent, for the actual value of such property."

Respondent further claims that "the McWhirter Company was not authorized to apply respondent's property to the payment of the debt it owed appellant, and appellant cannot hold respondent's property against it under these circumstances."

The appellant says that the "appeal involves a decision merely as to whether respondent's complaint sets forth a title to certain cedar poles superior to that of appellant's

claim to same; and relies upon the allegations of Paragraph 4 of the complaint to show the authority vested in the McWhirter Co. to dispose of the cedar poles; and the obligation to account for said poles, or the proceeds; that McWhirter did dispose of the poles as authorized and title thereto passed to appellant in á perfectly proper manner."

The issues on the appeal are in a narrow compass; no question is involved as to the rights of an innocent purchaser for value without notice, nor as to the rights of a subsequent creditor.

The complaint alleges that the defendant received the cedar poles from McWhirter Company, wrongfully converted the poles or the proceeds to the defendant's use and attempted to credit the value of the poles upon the past-due obligations of Mc-Whirter Company, which defendant had no right to do. The demurrer admits the truth of all of the allegations of the complaint which are well pleaded. The present action is in trover, for the alleged wrongful conversion of personal tangible property. At common law the plaintiff was required to allege that at the time of its conversion he had a complete property in the chattel either general or special; and also the actual possession, or the right to the immediate possession of it, and that the defendant wrongfully converted the same to his own use to plaintiff's damage in a sum named. Chitty on Pl., 167, *Nance v. Georgia, etc., R. R.,* 35 S. C., 307, 14 S. E., 629.

Such always has been the law in this State both before and since the Code practice was adopted. *Daniel v. Post* (S. C.), 187 S. E., 915, and cases cited, filed October 14th, 1936.

The complaint further alleges that the McWhirter Company received the chattel or cedar poles in a fiduciary capacity as the property of the plaintiff, under the trust agreement between them "for delivery to plaintiff of the said

poles or proceeds thereof," as a credit upon the debt of Heatherly.

■ Where one intrusts his property to another for a particular purpose, it is received in a fiduciary capacity; and when turned into money, that is also received in the same capacity. If the agent uses it for his own purpose, or fails to turn it over, it is a wrongful conversion. *Britton v. Ferrin* (1902), 171 N. Y., 235, 63 N. E., 954.

■ Under no circumstances can a trustee set up a claim to the trust property adverse to the *cestui que* trust, nor can he deny his title. Perry Trust, Par. 433.

■ A further reference to the allegations of the complaint shows that the McWhirter Company had in its hands certain fertilizers of the plaintiff, under a trust agreement, for sale, and to account for the proceeds. It is beyond cavil that under this allegation it would be a wrongful conversion for McWhirter to use the identical fertilizer in kind to settle its debt to the defendant by delivering any part of the fertilizer to the defendant for this purpose. Nor could the defendant claim it had bought the fertilizer and applied or appropriated the proceeds on such a debt. No higher rights exist in respect to the cedar poles; the defendant cannot credit the poles or their value in its hands on a past-due debt of the fiduciary, to the detriment of the plaintiff.

■■ A receipt of the proceeds, or a part thereof, of goods which have been wrongfully converted by a third person is not a conversion, unless defendant participated in the wrongful act, or took such proceeds in accordance with a prior agreement which related to the act of conversion as well as to the sharing in the proceeds. 38 Cyc., p. 2019, Par. 7.

Therefore the complaint is not demurrable for a failure to allege a wrongful conversion of either the poles or the "proceeds."

Nor can the defendant successfully demur to the complaint on the ground that "there is nothing in the Complaint to show any notice whatever to appellant of any claim respondent might have had to the poles or the proceeds thereof."

The complaint alleges that appellant "received the poles and wrongfully converted the same," or the proceeds to defendant's use, by attempting to credit the value of the poles upon the past-due debt of McWhirter. Notice to appellant of the trust relationship is not required under such circumstances and alleged facts, admitted for the purposes of the demurrer to be true.

It is well settled that it constitutes a wrongful conversion to receive property from one who has no right to part with it or dispose of it, and thereafter to use, sell, or exercise dominion over it, whether with knowledge of the owner's rights, or in good faith without any notice whatever of the rights of the owner. *Crosland v. Graham,* 83 S. C., 228, 65 S. E., 233, 38 Cyc., p. 2024, Par. (2).

Lastly the fallacy of defendant's position becomes apparent, and its reasoning is not tenable, when it argues that "even if appellant had notice, a good title would have passed to appellant because of the authority in McWhirter to dispose of the cedar poles in the manner involved." In the first place there is no allegation in the complaint of a sale by any one of the poles, and the defendant could not buy the poles and credit the proceeds on a debt due it by the fiduciary. There is no allegation of an authorized sale on the open market to the buying public of a chattel in due course of trade, with the express or implied assent of the owner, which would confer a good title on the buyer who paid in full the purchase price. The contrary is alleged and admitted by the demurrer. So that the cases of *Cudd v. Rogers,* 111 S. C., 507, 510, 98 S. E., 796; *Harper v. Abercrombie,* 115 S. C., 360, 105 S. E., 749, in this State, and *Handy v. C. I. T. Corp.* (Mass., June 27, 1935), 197 N. E.,

64, 101 A. L. R., 447, in Massachusetts and other states do not apply.

All of the exceptions have been considered, and are overruled. Judgment is sustained and appeal dismissed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.