17128

ROYAL-LIVERPOOL INSURANCE GROUP, Appellant, v. J. A. McCARTHY, JR., doing business as Abbeville Motors, Respondent

(91 S. E. (2d) 881)

*Messrs. Haynesworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

*Messrs. Mars & Mars,* of Abbeville, *for Respondent,*

March 7, 1956.

STUKES, Chief Justice.

Appellant brought this action against respondent for damages for conversion of an automobile to which appellant had title by subrogation. The summons and complaint were served on January 29, 1955, and respondent defaulted. The case was heard by the presiding judge of the circuit at Laurens on March 14, 1955, evidence was taken in behalf of appellant and judgment rendered against respondent in the sum of $1,950.00 and costs; he attended the hearing but was without counsel and offered no evidence.

After entry of judgment and steps by appellant to collect it, respondent employed counsel who moved on March 28,

1955, before the resident judge of the circuit for an order opening the default and allowing answer under the terms of Section 10-1213 of the Code of 1952. The motion was made upon the affidavit of respondent to the effect that the summons and complaint were served at his place of business upon his bookkeeper, in his absence, and shortly thereafter called to his attention, but on account of his pressing business as an automobile dealer and in procuring contracts for clearing rights of way, bidding on jobs, and traveling to Charleston to obtain the admission of his son into the medical college, he was away on several trips, for which reasons he failed to answer the summons and complaint. It was alleged for a claimed defense to the action that his predecessor in business, whom he bought out, purchased the automobile at an auction sale on March 28, 1949, and he sold it to one Frank Miller on July 1, 1949, (it was admitted in oral argument of the appeal that the sales price was $1,950-.00) ; respondent reacquired the automobile from Miller and sold it on June 13, 1953, to one Robert Belcher, in whose possession it was destroyed by accident.

By order dated May 1955, the court vacated the judgment upon the conclusions that respondent was an innocent purchaser, appellant delayed bringing the action and the value of $1,950.00 was established for the 1947 model Chevrolet automobile.

The order must be reversed. Relief from default on account of mistake, inadvertence, surprise or excusable neglect is within the discretion of the court, *Morgan v. State Farm Mutual Ins. Co.,* S. C., 91 S. E. (2d) 723, and the exercise of such discretion will not be disturbed on appeal in the absence of abuse or error of law. However, a prerequisite for relief from a default judgment is a *prima facie* showing of a meritorious defense. *Gaskins v. California Ins. Co.,* 195 S. C. 376, 11 S. E. (2d) 436. *Savage v. Cannon,* 204 S. C. 473, 30 S. E. (2d) 70. *Jenkins v. Jones,* 208 S. C. 421, 38 S. E. (2d) 255. *Marthers v. Hurst,* 226 S. C. 621, 86 S. E. (2d) 581. As was said in the *Gaskins case,*

it is logical to first consider the sufficiency of the alleged grounds for vacating the judgment, but in this case it affirmatively appears from respondent's affidavit that he had no defense to the action, so that feature only need be considered. The other is passed over without intimation of opinion.

It appears that the automobile was stolen and respondent's disposition of it clearly amounted to a conversion for which he is liable in damages to the appellant—the owner. *Harris v. Saunders,* 2 Strob Eq. 370; *Ladson v. Mostowitz,* 45 S. C. 388, 23 S. E. 49; *Crosland v. Graham,* 83 S. C. 228, 65 S. E. 233; *Bingham v. Harby & Co.,* 91 S. C. 121, 74 S. E. 369; *Sun Insurance Office v. Foil,* 187 S. C. 183, 197 S. E. 683. The following is from the concurring opinion in *Holliday v. Poston,* 60 S. C. 103, 38 S. E. 449, 451: "If a defendant is in possession of a chattel, he cannot be made liable in an action of claim and delivery until demand and refusal, so long as he simply retains the possession thereof. But, when he sells the chattel, this is a conversion,—an act of wrong,—and renders him liable without a demand, although he may not have known that the plaintiff was owner of the chattel."

The amount of the judgment awarded to appellant was established with precision; it was the amount for which respondent sold the automobile upon his conversion of it. "In actions for conversion or for the taking and detention of personal property, the general rule is that the measure of damages is the value of the property with interest thereon, and the jury may give the highest value up to the time of the trial. *Rogers v. Randall,* 2 Speers 38; *Gregg v. Bank of Columbia,* 72 S. C. 458, 52 S. E. 195." *Sizer & Co. v. Dopson,* 89 S. C. 535, 72 S. E. 464, 466. This was quoted with approval in *Young v. Corbitt Motor Truck Co.,* 148 S. C. 511, 146 S. E. 534, and in *Mims v. Bennett,* 160 S. C. 39, 158 S. E. 124, 78 A. L. R. 360.

The action was brought well within the period of the statute of limitations, as the above dates show. Sec. 10-143, Code of 1952.

There is interesting similarity between the facts of this case and of *Pruitt v. Burns*, 212 S. C. 325, 47 S. E. (2d) 785, in that both involved judgments by default upon liabilities arising from dealings with stolen automobiles.

The order under appeal is reversed and the default judgment reinstated.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.