EDWARD MANNING, Appellant, v. JESSE NELSON.

**Referees:** JURISDICTION: *Court.* Where a matter is referred for report by a stated time, the failure of the referee to so act and report leaves the matter as though there had been no reference.

SAME. A district court has jurisdiction to award costs in a case in which a referee has been appointed who ceased to have authority to act and was without jurisdiction because the time had expired in which he was to make his report.

TRIAL NOTICE. Rule of practice No. 2, adopted by the district judges (McClain's Code, page 57, preface), relating to notice of trial in any case once continued, where an answer is on file, to bring the cause to trial, does not apply to hearings of motions.

SAME. Where a referee to whom the question of costs in an action had been sent failed to report and a motion was made to the court to tax costs and enter judgment for same, it was the duty of counsel to attend on the hearing of such motion without notice.

**Judgment:** VACATION. A judgment awarding costs can be vacated for mistake only by motion filed within a year or by a petition in equity if the error is not discovered until after the expiration of the year.

SAME. Code, 1873, section 3154, providing that a judgment may be vacated for irregularity or fraud practiced by the successful party,

3   does not, in the absence of fraud, entitle the party to the vacation
    of a judgment for costs entered on motion, at the hearing of which
    the party did not appear, because the judgment failed to conform
    to an agreed division of costs.

SAME.  Code, 1873, section 179, providing that entry made at a pre-
    vious term can be altered only to correct an evident mistake,
3   applies only to mistakes of fact and does not authorize correction
    of a judgment for costs which was not in accordance with an
    agreed division thereof which the parties made on a reference of
    the cause; such being, at most, a mistake of law.

Appeal.  Where the trial court, on motion. entered an order which
    recited that the parties appeared by attorneys and argued the
1   motion, it will be assumed on appeal, from an order refusing to
    set aside such former order, on conflicting evidence as to such
    appearance, that there was an appearance for the unsuccessful
    party.

*Appeal from Van Buren District Court.*—HON. W. S.
WITHROW, Judge.

FRIDAY, DECEMBER 16, 1898.

APPEAL from an order overruling plaintiff's motion to
set aside a judgment for costs.—*Affirmed.*

*M. A. McCoid* for appellant.

No appearance for appellee.

DEEMER, C. J.—I.  This action was to recover of
defendant the amount of two promissory notes, and of an
account alleged to be due and owing the plaintiff.   The action
was aided by attachment.   Defendant admitted the execu-
tion of the notes, pleaded payment, and also asked judgment
on a counter-claim based upon an open account.   On the
issues thus joined the cause was sent to a referee, who heard
part of the evidence.   During the trial before the referee the
parties entered into an agreement of settlement, by the terms
of which it was determined that there was due plaintiff the
sum of four hundred and eighty dollars.   It was also agreed
that the sheriff should turn over to plaintiff, out of the
cash and notes in his hands, the sum of four hundred and

eighty dollars, and should deliver the balance of money
and notes in his hands to defendant, and should release to
defendant all other property held by him.   Defendant was to
pay the cost of keeping and feeding the horses and property
held under the attachment.   Defendant agreed to pay on the
costs the amount already paid out by him, and waived any
right to recover the same back.   It was further agreed that
defendant should turn over to plaintiff all uncollected horse
accounts, due for the services of a certain stallion; that they
were as shown by his testimony before the referee, and he by
the agreement assigned the same to the plaintiff, who accepted
the same in lieu of any claim against defendant for any of the
costs in the case, and agreed to pay the costs on or before the
October, 1891, term of the district court of Van Buren county.
It was also agreed that the referee should report the settle-
ment and agreement to the court at its April, 1891, term, and
that an order of confirmation should then be entered accord-
ingly.   It was further agreed that, if the assigned accounts
did not pay the costs in full, then each party was to pay one-
half of the sum remaining; and it was stipulated that the
former part of the agreement should be thus modified.   It
does not affirmatively appear that this matter was reported to
the district court.   But we do find that some years afterward
the plaintiff filed a motion for judgment for costs, and that
shortly thereafter the defendant filed a like motion; and it
further appears that on the next day after defendant's motion
was filed, to-wit, on the fifth day of May, 1893, the court
made an order referring both motions to J. S. McKemy, Esq.,
who was ordered to make a written report of his findings of
fact and conclusions of law at the next term of court.   Noth-
ing appears to have been done by this referee.   The case
remained on the district court docket, and a trial notice was
filed for the December, 1894, term, but no order was made at
that term.   At the April, 1895, term, and on the sixth day
of May, an order was made, reciting that the cause came on
for hearing upon the matter of unpaid costs therein taxed, and
that the parties appeared by their attorneys, and argued and

fully submitted the case.    This order also gave defendant
judgment against the plaintiff for the amount of the unpaid
costs, to-wit, five hundred and forty-three dollars and forty-
five cents, and directed execution to issue therefor.    To this
plaintiff objected, and he was given leave to file a motion to
set aside the judgment or to retax costs at any time before ten
days from the beginning of the next term of court.    On the
sixteenth day of January, 1897, plaintiff filed his motion to
set aside and vacate the judgment for costs, for the reason
that the court had no jurisdiction of the cause; the same hav-
ing been referred to J. S. McKemy, and he having made no
report, and there being no order directing him to report the
same back, the cause was pending before him, and not before
the district court.    Thereafter plaintiff filed an amendment
to his motion, in which he asked the court to expunge the
order and judgment entered in May, 1895, and to order the
referee to make report at the April, 1897, term.    The reasons
given for asking this order were (1) that the cause was pend-
ing before the referee; (2) that the plaintiff had paid his part
of the costs as agreed in the stipulation for settlement; (3)
the order was contrary to the terms of the settlement; (4) the
cause should have been ordered back from the referee, and
notice given, before the court could take jurisdiction; (5) the
reference was made at the suggestion of the defendant, and it
was defendant's duty to prosecute the case before the referee;
(6) the judgment, although null and void, is a menace to
plaintiff, and prevents him from proceeding with the case.
This motion, as amended, was submitted upon affidavits filed
in support of and in resistance thereto, and the court made an
order overruling the motion.    The appeal is from this ruling.

As we understand it, two points are relied upon for a
reversal:    *First,* it is insisted that, as the matter was referred
to J. S. McKemy, the court had no jurisdiction of the case;
*second,* it is contended that the judgment is contrary
to the terms of the settlement, and that the court has
power at any time to correct an evident mistake and
oversight.

It will be noticed from what has been said that the referee, McKemy, was appointed at the April, 1893, term of the district court, and that he made no report at the next term. In truth, he made no report at any time. The well-settled rule in this state is that a referee has no power or authority to act after the time has expired in which he is to make his report. *Davis v. Caldwell,* 100 Iowa, 658; *Goodale v. Case,* 71 Iowa, 434. In these cases it is held that after the time has expired a referee ceases to have authority to act, and is without jurisdiction. This being true, the case is as if there had been no reference, and the district court had full power to hear and determine the motions. Having this power, it proceeded to pass upon them; and the record recites that both parties appeared by their attorneys, and fully argued and submitted the case. On this hearing the court found that defendant's motion should be sustained; and that plaintiff should pay the costs. We have seen that the referee had at this time lost all control of the proceedings, and that the matter was then pending in the district court.

Appellant contends, however, that neither he nor his counsel had any notice that the matter would be presented to the court. The record recites, however, that there was an appearance by counsel and the evidence adduced upon the hearing of the motion to vacate is in conflict. As the case is not triable *de novo,* we must assume that the trial court held there was an appearance for the plaintiff to the motion of defendant to tax costs. If there was an appearance, then it is clear that plaintiff's remedy was by appeal from the judgment taxing the costs to him. But, if it should be found that plaintiff did not appear, he is in no better position. The case was pending in court, and it was the duty of counsel to attend to it. No notice was required, unless it be the trial notice referred to in rule 2 of the rules of practice adopted by the district judges of the state, found in McClain's Annotated Code, p. vii. of the preface. We are of the opinion, however, that this rule does not apply to motions, and that plaintiff

was not entitled to notice that the motions would be brought on for hearing. We are constrained to believe that the reason why appellant's counsel did not appear, if it be true that he did not, is to be found in the fact that he relied upon his contention that the case was before the referee, and not in the district court, and that the court had no jurisdiction of the matter.

The motion to vacate does not charge that any fraud was practiced by the defendant; nor does it charge any other irregularities in obtaining the order than those we have already considered. It is not, then, a case for relief under section 3154 of the Code of 1873. *McConkey v. Lamb,* 71 Iowa, 636; *Jackson v. Gould,* 96 Iowa, 488. If it were, the motion was not filed within the year given by statute. See Code 1873, section 3156. As the trial court had jurisdiction, the remedy, if any, was by motion filed within a year, or by petition in equity, if the error was not discovered until after the expiration of the year. The motion we are now considering was not filed until nearly two years after the order was made. As sustaining our conclusions, see *Shelley v. Smith,* 50 Iowa, 543; *Partridge v. Harrow,* 27 Iowa, 96. The case does not fall under the provisions of section 179 of the Code of 1873, for the reason that the mistake of the court in ordering the costs taxed to the plaintiff, if there was one, was a mistake of law, and not of fact. *Knox v. Moser,* 72 Iowa, 154. The order overruling plaintiff's motion to vacate is correct, and it is AFFIRMED.