## 9515

### BAKER-JENNINGS HARDWARE CO. v. CULP.

### SULZBERGER & SONS CO. OF AMERICA v. SAME.

### BROWN MFG. CO. v. SAME.

#### (90 S. E. 26.)

1. ACTION — COMMENCEMENT — SERVICE OF SUMMONS. — An action was commenced when the summons was served.

2. APPEARANCE—NECESSITY.—After commencement of an action by the service of summons, it was the defendant's duty, if he decided to contest the action, to give the plaintiff notice of appearance and to demand a copy of the complaint, according to the Code provision.

3. JUDGMENT — DEFAULT — FAILURE TO ANSWER. — Where a defendant, after commencement of an action by the service of summons, gave no notice of appearance and did not demand a copy of the complaint, a default judgment was properly entered.

4. APPEAL AND ERROR—OPENING DEFAULT JUDGMENT—DISCRETION OF COURT.—The exercise of the Circuit Court's discretion in the granting of a motion to open a default judgment is conclusive, unless it be patently wrong or the Court has abused its discretion.

5. JUDGMENT — DEFAULT JUDGMENT — ANSWER—EXCUSABLE NEGLECT.— Where defendant's counsel wrote plaintiff's counsel that no itemized or certified statement of the account sued on was attached to the complaint, and requested such a statement to prepare an answer in the case, and that none was furnished, there was a case of excusable neglect, and the Court properly, on defendant's motion, opened the default judgment.

6. JUDGMENT—OPENING DEFAULT—EXCUSABLE NEGLECT.—A judgment ought not to be opened for excusable neglect alone, but there must be a *prima facie* showing that the judgment is wrong, and that the party sued has a good defense to the stated cause of action.

7. JUDGMENT—OPENING DEFAULT JUDGMENT—DISCRETION—AFFIDAVIT.— Granting of motion to open default judgments in actions on account, upon affidavit construed as setting up the defenses of payment and denial of the amount, *held* not an abuse of the trial Court's discretion.

8. JUDGMENT — OPENING DEFAULT JUDGMENT — EVIDENCE. — On such motion the failure of the defendant to testify, when he was invited by the plaintiff to do so, was not a circumstance to be weighed against him, where the defendant was available as a witness for the plaintiff, but the plaintiff did not use him.

Before BOWMAN, J., Lancaster, March, 1916.   Reversed.

Actions by the Baker-Jennings Hardware Company, by the Sulzberger & Sons Company of America, and by the Brown Manufacturing Company against W. B. Culp.   From orders granting defendant's motion for opening default judgments in the first two actions and for leave to answer, plaintiffs therein appeal, and from an order granting defendant's motion to open the default judgment in the third action, plaintiff therein excepts and appeals.

*Mr. J. Harry Foster,* for appellants, cites : *As to necessity of showing meritorious defense:* 24 L. R. A. 49; Black Judgments, sec. 347; 102 S. C. 349; 84 S. C. 147; 77 S. C. 91. *Delivery of goods to carrier:* Hutchinson Carriers, sec. 177; 96 N. W. 959; 47 S. C. 324; 4 Enc. of L. 522 and 525; 9 Am. Rep. 444; Elliott Rys., sec. 1426.   *Mistake of law:* 1 McC. 16; Black Judgments, sec. 341; 36 S. C. 582; 32 S. C. 87; 17 S. C. 444.

*Mr. Harry Hines,* for respondent, cites : 17 S. C. 445; 77 S. C. 226; 15 S. C. 614; 64 S. C. 343.

September 19, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

These three causes were together submitted to be heard, and one opinion needs only to be expressed.

The first two depend on the same facts.    The plaintiff in each of these cases recovered judgment by default against the defendant.    The defendant thereafter moved to open the judgment entered thereon and for leave to answer.    The motions were granted, and the plaintiffs have appealed.

1–3

It is plain the motions ought to have been refused.    A summons was served on the defendant in each case, with notice therein that a complaint would be filed in the clerk's office.    The defendant and his counsel say, by affidavit, that they inquired at the clerk's office, and they found no complaint filed, and that they did not know any further action had been taken by the plaintiff until execution had been issued.    The action was commenced when the summons was served, and it then became the defendant's duty, if he desired to contest the action, to give the plaintiff notice of appearance and demand a copy of the complaint.    That is the plain direction of the Code of Procedure.    The defendant did not do that, and he must abide the consequences.    The orders are reversed.

The third case rests in different facts.    Therein the summons and complaint were served on the defendant on February 17, 1915.    Eight days thereafter the defendant delivered the summons and complaint to his counsel, Harry Hines, Esq., to defend the action.    In eight days more Mr. Hines wrote to Harry Foster, Esq., plaintiff's counsel, at Rock Hill, and called his attention to the circumstances that no itemized and verified statement of the account sued on was attached to the complaint, and he requested such a statement should be sent to him "to prepare an answer in the case."    Mr. Foster did not furnish the statement, and in five days more, nineteen days after service, Mr. Hines fell seriously sick, and continued so until after the judgment had been rendered.

.This all appears by affidavit, and there is no testimony in denial.

The defendant further swore by affidavit that:

"Deponent further states as a defense to plaintiff's alleged cause of action that the goods referred to were never received by him, or, if received, that they had been fully paid for, and that he is not indebted to the plaintiff in any sum."

His counsel stated the same, but that is hearsay.

Upon this showing the Court opened the judgment. The plaintiff has appealed, and has made eight exceptions. They make not nearly so many issues. We shall compass them, but not by number nor in their order.

The statute rests the granting of such a motion in the discretion of the Circuit Court; and the exercise of that is conclusive, unless it be patently wrong, or as it has been sometimes "unhappily phrased," unless the Court has "abused its discretion." *Duncan* v. *Duncan,* 93 S. C. 496, 76 S. E. 1099. Such is the contention of the appellant.

1. Omitting for the present the effect of the quoted language from the defendant's affidavit, the Court was clearly right to heed the explanation of Mr. Hines; it made a case of excusable neglect, on the face of it.

2. But a judgment ought not to be opened for excusable neglect alone; there should be a *prima facie* showing that the judgment is wrong; that the party sued has a good defense to the stated cause of action. 1 Black on Judgments, sec. 346. The better practice in such cases is to submit a formal proposed answer, which would have to conform to the law of answers; but that is not always necessary.

The allegation of the affidavit is made in the disjunctive. That is bad form; there ought to have been a denial. Code, sec. 199. The defendant might, however, have proposed

an answer setting up: (1) Payment; and (2) a denial of the account. The Court must have so construed the affidavit in the instant case. At all events the Circuit Judge's discretion was satisfied with the defendant's sworn statement that "he is not indebted to the plaintiff in any sum."

The appellant insists that the defendant ought to have proffered some evidence apart from a mere denial of non-indebtedness. It is true the defendant might have proven a letter from the defendant to the plaintiff countermanding the order, or a receipt from the plaintiff acknowledging payment, or the plaintiff's admission that the goods had not been shipped to the defendant. But the Court did not demand so much proof; it was satisfied with a sworn denial. The appellant insists that such denial is sham. There is no proof of that, apart from a mere suspicion that the defendant was beating for time.

The appellant suggests that the failure of the defendant to testify at the hearing of the motion, when he was invited by the plaintiff to do so, is a circumstance to be weighed against him. The defendant was as well available as a witness for the plaintiff, but the plaintiff did not use him.

We are of the opinion that the order in the last case must be affirmed.

It is so ordered.