9750

GALES ET AL. v. POE.

(93 S. E. 189.)

1. APPEAL AND ERROR—BURDEN TO SHOW ERROR.—Defendant, claiming that the trial Court abused its discretion in not granting defendant's motion to open up a default judgment against him, to be allowed to answer, and to require plaintiffs to amend their complaint, has the burden to show the abuse of discretion.

2. JUDGMENT — PLEADING — DEFAULT — MOTION TO SET ASIDE AND FOR TIME TO ANSWER—COMPLIANCE WITH RULE OF COURT—TIME FOR ANSWER OR DEMURRER.—Under rule 19 of the Circuit Court, time to answer or demur to a complaint will not be granted, unless the party applying for the order shall present to the Judge to whom the application is made a certificate of the attorney or counsel retained by defendant to defend the action that, from the statements made to him by defendant, he verily believes that defendant has a good and substantial defense on the merits, and motion to set aside a default judgment will not be granted unless there is a substantial compliance with the provisions of the rule.

3. JUDGMENT — DEFAULT — APPLICATION TO OPEN — NEGLIGENCE—SUFFICIENCY OF EVIDENCE.—On defendant's motion to open up a default judgment against him and to be allowed to answer, etc., evidence held to show inexcusable negligence and want of vigilance on defendant's part to such an extent as to warrant the trial Court in the exercise of his discretion in denying the motion.

Before DeVore, J., Bennettsville, December, 1916.   Affirmed.

Action by T. W. Gales and others, trustees of the Sandy Grove Missionary Baptist Church, against Frank Poe. From an order refusing defendant's application to open up a default judgment against him and to be allowed to answer, and to require plaintiffs to amend their complaint, defendant appeals.

Messrs. A. L. Hamer and Gibson, Muller & Tison, for appellant, cite: Code Civ. Proc., sec. 225; 20 S. C. 108; 96 S. C. 240.

FOOTNOTE.—As to effect of character of defense on right to open a default judgment, see note in L. R. A. 1916f, 839 to 861; 21 A. & E. Ann. Cas. 1282.

*Mr. J. K. Owens,* for respondent, cites: 32 S. C. 86; 36 S. C. 578; 38 S. C. 556; 52 S. C. 307; 56 S. C. 28; 64 S. C. 338.

July 12, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge DeVore refusing an application of defendant to open up a default judgment obtained against him and to be allowed to answer, and to require the plaintiffs to amend their complaint. The complaint in the case was served on September 2, 1916, upon the defendant, and judgment rendered against him on December 4, 1916. Several affidavits were presented to the Court in support of the motion; but no effort at all was made on behalf of the defendant to comply with rule 19 of the Circuit Court rules.

Exceptions 1 and 2 impute error on the part of his Honor in not granting the motion and impute erroneous exercise of discretion. These exceptions must be overruled, as appellant has failed to show abuse of discretion on the part of his Honor, as the burden of showing this is on him. Here an application is made to open a judgment and allow defendant to answer. In an application of this kind the Court expects substance of some sort to be shown.

In this application neither the plaintiff's attorney nor any other attorney certify that the defendant has a meritorious defense. Under rule 19 of Circuit Court, the time to answer or demur to a complaint will not be granted, unless the party applying for the order shall present to the Judge to whom the application is made a certificate of the attorney or counsel retained by the defendant to defend the action that from the statements made to him by defendant he verily believes that the defendant has a good and substantial

defense upon the merits to the cause of action set forth in the complaint or some part thereof.

Under this rule the time to answer will not be granted, unless the rule is complied with; and certainly a motion to set aside a judgment will not be granted, unless there is a substantial compliance with the provisions of this important rule. It was not made to appear to his Honor that the defendant had a good and substantial defense upon the merits by the certificate of defendant's attorney or counsel. The Judge had abundance of testimony, without a failure to comply with rules of Court, to warrant him in refusing the motion.

The defendant took possession of the land, drove out the congregation, and was served with summons and complaint by the deputy sheriff on September 2, 1916. Although of average intelligence, he ignored the whole proceedings, as well as the letter of Mr. Owens, the plaintiff's counsel, trying to get an adjustment and settlement of the matters at issue between the parties, plaintiffs and defendant, and made no effort at all, such as he ought to have made, until judgment was actually rendered against him and informed of that fact by Mr. Rowe, a juror in the case. This shows inexcusable negligence and want of vigilance on his part to such an extent as to warrant his Honor in the exercise of his discretion in refusing the motion and making the order he did in the case.

The third exception alleges error as to the amount of verdict rendered as being without evidence to sustain the same. The defendant failed to appear or answer, and the question of damages was submitted to the jury, and the exception to the judgment rendered is not properly before us, but there is evidence to sustain the verdict.

Exceptions overruled.    Judgment affirmed.