14495

LUCAS v. NORTH CAROLINA MUTUAL LIFE INS. CO.

(191 S. E., 711)

December, 1936.

*Messrs. H. L. Smith* and *S. S. Seideman,* for appellant, cite:

*Mr. Thomas J. Karnes,* for respondent, cites:

June 8, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The defendant, North Carolina Mutual Life Insurance Company, made an application in the Circuit Court to be relieved from a judgment taken against it by default. The motion was made upon the ground that the judgment was obtained through the mistake and excusable neglect of A. J. Clement, its district manager, and it alleged that it has a meritorious defense, as shown in the affidavit of Clement accompanying the motion papers, which it can establish if allowed to answer and defend the action.

The motion was denied, and this appeal followed.

The action was commenced in the Circuit Court of Georgetown County, and the summons and complaint were served by the sheriff of that county upon a local agent of the defendant residing in the City of Georgetown, on July 29, 1936. This local agent promptly transmitted the summons and complaint to the district agent, Clement, in the City of Charleston, who received it on or about July 31, 1936. The district agent, under date of August 1, 1936, returned the summons and complaint to the plaintiff's attorney, at Georgetown, and advised him in a letter of that date that as the defendant was a foreign insurance company, the summons and complaint could be served upon it only through the state insurance commissioner of South Carolina, and that the papers were being returned in order that the proper procedure under the law might be followed.

Thereafter, at the November term of the Court of Common Pleas for Georgetown County (the plaintiff's attorney having filed his affidavit showing that the defendant had neither appeared, answered, or demurred in the action), the case was called in open Court, and testimony having been introduced to prove the allegations of the complaint, a judgment was rendered for the plaintiff against the defendant in the sum of $497.85.

In his affidavit, the district manager, Clement, avers that in returning the summons and complaint, it was not his purpose to delay the progress of the cause or to engage in

dilatory tactics, but that it was done because he did not believe that service upon the defendant's local agent constituted legal service. He alleges that the return of the papers—which resulted in the failure of the defendant to answer the complaint—was due to his honest mistake and excusable neglect. He further says that never before in his experience with the company had legal process been served upon it in his territory except through the office of the insurance commissioner.

The only reason given by the district manager in his affidavit for not retaining the summons and complaint was that he entertained the opinion that these papers could be served upon the defendant only through the office of the state insurance commissioner.

Section 7964, Code 1932, provides how lgal process shall be served upon foreign insurance companies through the insurance commissioner. Service by this method, however, is not exclusive. It was held in *Montgomery v. United States Fidelity & Guaranty Company,* 90 S. C., 283, 71 S. E., 1084, 73 S. E., 182, that service of legal process upon any agent of a foreign insurance company constitutes good and legal service. It is now conceded by the appellant that it was served with the summons and complaint according to law.

The record shows that prior to the commencement of the action, a lengthy correspondence, extending through several months, was carried on between the attorney for the plaintiff and the district manager with reference to the payment of the insurance policy upon which the action is based. It appears that the defendant claimed that the policy in question had lapsed for nonpayment of premiums, and for this reason liability was denied and payment refused. In the effort to prove the payment of the premium which was in dispute, affidavits were submitted by the plaintiff to the district manager, which he rejected and returned, upon the advice of the defendant's attorney, upon the ground that they were not sufficiently definite. Whereupon the affidavits were redrawn,

re-executed, and resubmitted, but this resulted in no action on the part of the defendant, favorable or unfavorable. Thereafter this suit was commenced. When the summons and complaint in this cause were received by Clement, he, without seeking the advice of counsel, returned them, acting upon his own belief as to the law; and in so doing, he mistook the law.

■ Generally, two issues arise on every application to open or vacate a judgment, namely, the existence of grounds for opening or vacating the judgment, and the existence of a meritorious defense, or cause of action, as the case may be. It is proper for the Court to try and determine the existence and sufficiency of the alleged grounds for opening or vacating the judgment before trying or deciding the existence of a meritorious cause of action or defense. 34 C. J., § 582, page 373.

As was said in *Turner v. J. I. Case Threshing Mach. Co.*, 133 N. C., 381, 384, 45 S. E., 781, 782: "It does not become very material to inquire as to the validity of the defense until it has first been determined whether the defendant has made out a case entitling it to have the judgment vacated, in order that it may be let in to defend the suit. A defense absolutely perfect and impregnable would be of no avail if it could not be pleaded, and this cannot be done until the defendant shall have shown that it has been free from negligence, and that the right to defend had not been lost by its fault; or, in other words, until it has shown good cause for setting aside the judgment."

We, therefore, proceed to consider whether the defendant has made out a case entitling it to have the judgment vacated. ■ Section 495 of our 1932 Code, under which this motion was made and relief sought, authorizes, in the discretion of the Court, the opening or vacation of a judgment when taken against a party by his mistake, inadvertence, surprise, or excusable neglect. The wording of this statute is similar to statutes found in other Code states.

The overwhelming weight of authority is to the effect that this section applies only to mistakes of fact, not to mistakes of law. *Thompson v. Harlow,* 150 Ind., 450, 50 N. E., 474; *Thacker v. Thacker,* 125 Ind., 489, 25 N. E., 595; *Manning v. Nelson,* 107 Iowa, 34, 77 N. W., 503; *Hutchinson v. Manchester St. R.,* 73 N. H., 271, 60 A., 1011; *Skinner v. Terry,* 107 N. C., 103, 12 S. E., 118; *Plano Mfg. Co. v. Murphy,* 16 S. D., 380, 92 N. W., 1072, 102 Am. St. Rep., 692. And see the numerous cases cited in 34 C. J., § 516, under note 10 on page 297.

The defendant does not claim that any fraud was practiced upon it, and no mistake or excusable neglect, such as the law contemplates, is shown. The judgment against which the defendant complains was not given against it through its mistake as to a fact or as to matters of fact. The belief entertained by Clement, the district manager, that legal process could be served on the defendant, a foreign insurance company, only through the State Insurance Commissioner, was a mistake of law, and not a mistake of fact.

The case of *Piano Manufacturing Company v. Murphy, supra,* is strikingly in point. In that case the summons was handed to the defendant by an employee of the plaintiff, which the defendant refused to receive, and it was left lying upon a table where such service was made. In his affidavit to obtain relief from the default judgment, which was thereafter taken against him, the defendant stated that he refused to receive the summons because it was his opinion that no one but an officer could serve a summons in an action. The Supreme Court of South Dakota held that this was a mistake of law, and that the service of the summons made upon him by the employee of the plaintiff, who was not a party to the action, constituted legal service. The Court refused to grant relief, holding that "the only mistake for which relief will be granted is a mistake of fact," and cited, in support of this holding, 6 Ency. of Pl. & Pr., 167; *Sherman v. Iorg-*

*ensen,* 106 Cal., 484, 39 P., 863 ; *City of New York v. Green,* 1 Hilt. (N. Y.), 393 ; *Skinner v. Terry, supra.*

In his order overruling the motion of the defendant to open and vacate the default judgment taken in this cause, his Honor, Judge S. W. G. Shipp, held that the defendant was not entitled to relief from the judgment under Section 495. In view of the authorities cited by us, the Circuit Judge was clearly correct.

In our opinion, the defendant has not made out a case entitling it to have the judgment vacated. Therefore, it is not necessary to consider or decide the existence of a meritorious defense. We may say in passing, however, that we are not impressed with the showing made for this purpose.

It is always a matter of regret that a party should not have his day in Court. However, when legal process is duly and regularly served upon a defendant, and he assumes to know the law thereabout, and in so doing mistakes the law, he must, under the circumstances shown here, suffer the consequences of such mistaken assumption. Section 495 affords relief only in cases involving a mistake of fact.

The case of *Johnson v. Finger,* 102 S. C., 354, 86 S. E., 673, relied upon by the defendant, which holds that a party who makes an honest and excusable mistake as to the time when he is required to plead or answer, whereby he is prevented from making his defense in due season, may have the judgment opened or set aside, is not applicable to the facts in this case.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Bonham and Baker concur.