14744

*EX PARTE* PEDEN

BALENTINE WELDING WORKS v. PEDEN

(199 S. E., 693)

*Mr. W. E. Bowen,* for appellant,

*Messrs. Leppard & Leppard* and *J. Rolfe Babb,* for respondent.

November 18, 1938.

*Per curiam.*

The plaintiff, a corporation, sued the defendant in the Court of Common Pleas for Greenville County for the alleged balance of the purchase price of a trailer which it had sold him. The summons and complaint were served upon the defendant, but he did not answer the complaint or otherwise plead in the cause. The case, therefore, was placed on Calendar 3, and the plaintiff proved his alleged claim in open Court before a jury, Edward Fridal, president of the Balentine Works, testifying thereabout. Judge Gaston, who presided at the trial, directed a verdict for plaintiff for $305.49. On this verdict judgment was entered, and the trailer was thereafter seized by the plaintiff under an attachment sued out therefor, but was held by the defendant under bond duly posted by him.

Thereafter the defendant served the plaintiff with notice that he would move the Court to open up the judgment and to allow him to answer the complaint or to otherwise plead in the cause. The motion was made upon the grounds (1) that the judgment was taken against the defendant "through his mistake, inadvertence, surprise and excusable neglect;" (2) that the "matter upon which the judgment was obtained is a matter *res adjudicata;*" and (3) that the "judgment was obtained by fraud and deceit and perjury on part of the plaintiff." By agreement of counsel, an order was made transferring the motion to the County Judge for disposition by him. It was thereafter heard by that Judge upon certain affidavits and other papers, and on excerpts, from the testimony given by E. Fridal and the defendant Peden in the case of *Hammond v. Peden and Balentine Welding*

*Works,* which had been tried in the County Court, and in which a verdict was rendered in favor of Peden.

The County Judge, after "careful consideration" of the matter, concluded and held that "the defendant has shown excusable neglect and meritorious defense." He, therefore, ordered that the judgment be opened up and the defendant be allowed to answer the complaint or file other proper pleadings in the case. The plaintiff appealed, alleging error as to the conclusions reached.

While we have examined with care the entire record, we deem it unnecessary to review at any length the affidavits and testimony contained therein, all of which were before the County Judge. We will, however, refer briefly to the affidavit of the respondent Peden, which accompanied his notice to open up the judgment. In this affidavit he alleges that he was sued by Hammond in the County Court upon a note in the principal sum of $366.00, which note had been assigned to the said Hammond by the Balentine Welding Works, and which he, Peden, alleged in his answer to the complaint was a forgery; that Fridal, president of the Balentine Welding Works, testified in the case that Peden had executed the note for the amount named, $366.00, in payment of all papers that he had upon the trailer, which trailer was manufactured by the Balentine Welding Works, and that the note represented the total indebtedness owed by the deponent to the Balentine Welding Works against the trailer; and that the jury rendered a verdict in favor of Peden, finding that such defendant did not owe anything on the note that had been transferred to Hammond and sued upon by him. He further alleged that when the action in the Court of Common Pleas was thereafter brought against him by the Balentine Welding Works, in which it was claimed that he owed that corporation $265.00 as a balance of the purchase price on the same trailer mentioned and described in the complaint in the action which had been brought against the deponent in the County Court, and in which a verdict had been rendered in his favor, the defend-

ant did not answer the complaint for the reason that he believed and was under the impression that the matter had been finally disposed of in the County Court by the verdict of the jury mentioned above, and so thinking and believing that the matter was finally adjudged and disposed of by that Court of record, he did not give it further thought; that when he was later advised that a judgment had been taken against him in the Court of Common Pleas, and the trailer attached by order of the Court, the deponent was at a total loss as to how this could be done, and was taken by surprise, in view of the fact that Fridal, president of the Balentine Welding Works, had testified in the case in the County Court that the only indebtedness which the defendant owed was represented by the $366.00 note which the jury found to be a forgery.

· Upon full consideration of the record, it is seen how the defendant Peden, a layman, could easily be misled or mistaken as to his rights in the premises, and just what steps he should take, if any, in the matter of answering the complaint in the suit brought against him in the Court of Common Pleas or of otherwise pleading in that case. We think, under all the circumstances shown, that the judgment was properly opened up by the County Judge, and the defendant given an opportunity to present his defense upon a new trial of such cause. Under any view, we cannot say that the County Judge abused his discretion in reaching the conclusions stated in his order. We, therefore, approve his action in the matter.

The order appealed from is affirmed.

Upon consideration of appellant's objections thereto, we also approve and affirm the order of the County Judge settling the case for appeal.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.