15165

GASKINS v. CALIFORNIA INS. CO.

(11 S. E. (2d), 436)

October, 1939.

*Mr. James E. Leppard,* for appellant,

*Messrs. P. A. Murray, Jr.,* and *Joseph L. Nettles,* for respondent.

November 13, 1940.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The appeal is from an order of the Circuit Court opening and vacating a default judgment taken by the plaintiff

against the defendant corporation for $716.22, together with costs.

The summons and complaint had been served upon the defendant by service upon the State Insurance Commissioner on the 24th day of August, 1939, and the defendant failing to answer or demur within the twenty days allowed by law, judgment was entered on September 18, 1939, after the case had been referred to the Master for Chesterfield County to hear and determine all issues of law and fact.

On September 22, 1939, the defendant served notice that it would move before the Circuit Judge on September 26, 1939, for an order opening the default judgment and allowing it to answer upon the ground that the default occurred through the excusable neglect of counsel for the defendant. Two affidavits were submitted in support of the motion, one by Mr. Joseph L. Nettles and the other by Mr. P. A. Murray, Jr., attorneys for the defendant. Likewise before the Court were the complaint and a counter affidavit filed by the attorney for the plaintiff.

The motion was made under Section 495 of the 1932 Code, which provides that the Court may in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.

It appears from the affidavit of Mr. Nettles that he received the summons and complaint from the defendant on Monday, September 4, 1939, and by telephone he immediately retained Mr. P. A. Murray, Jr., of Cheraw, South Carolina, as local associate counsel, and requested him to investigate the facts and thereafter come to Columbia for a conference with Mr. Nettles preparatory to drawing the necessary answer. After telephoning Mr. Murray on September 4, Mr. Nettles left Columbia for New York on a business trip, and did not return to his office in Columbia until late in the afternoon of Friday, September 8. On the

morning of September 9, Mr. Nettles went to Laurens County on business where he narrowly escaped a sunstroke, following which he became ill. He returned to Columbia on the afternoon of the same day, and was confined to his bed until Saturday morning, September 16.

It will be recalled that the time for answering the complaint expired on September 13. The affidavit of Mr. Nettles sets forth that he neglected to tell Mr. Murray what day the complaint was served, because he was confident that he would have a conference with Mr. Murray after the latter had investigated the facts, not later than September 11. On Tuesday, September 18, Mr. Nettles called Mr. Murray and requested him to come to Columbia to confer with him at his office, and asked him meanwhile to see Mr. J. E. Leppard, plaintiff's attorney, explain the situation to Mr. Leppard, and request an extension of time within which to answer. In accordance with this request Mr. Murray, on September 20, saw Mr. Leppard, who stated that he could not extend the time because judgment had already been entered on September 18, 1939.

Generally, two issues arise upon every application to open or to vacate a judgment, namely, (a) the existence of grounds for opening or vacating a judgment where it is alleged to have been taken against a party by his mistake, inadvertence, surprise, or excusable neglect; and (b) the existence of a meritorious defense. Logically, the first issue for the Court to consider upon such a motion is the existence and sufficiency of the alleged grounds for opening or vacating the judgment. *Lucas v. North Carolina Mut. Life Ins. Co.,* 184 S. C., 119, 191 S. E., 711; *Savannah Supply Co. v. Ross,* 128 S. C., 298, 122 S. E., 772; *Lillard v. Searson,* 170 S. C., 304, 170 S. E., 449.

The power conferred upon Courts to relieve parties from judgments taken against them by reason of their mistake, inadvertence, surprise, or excusable neglect should be exercised by them in the same liberal spirit

in which the Code section was designed—in furtherance of justice and in order that cases may be tried and disposed of upon their merits. *Ex parte Union Mfg. & Power Co.,* 81 S. C., 265, 62 S. E., 259, 128 Am. St. Rep., 908. When, therefore, a party makes a showing of such mistake, inadvertence, surprise, or excusable neglect, applies promptly for relief, after he has notice of the judgment, shows by his affidavit of merit that *prima facie* he has a meritorious defense, and that he makes the application in good faith, a Court should not hesitate to set aside the default and allow him to serve an answer, upon such terms as may be just under all the circumstances of the case.

Upon a consideration of the record we think it clear that the lower Court committed no error in holding that sufficient grounds were shown to excuse the defendant from answering the complaint within the twenty days from the service thereof. Nor, in our opinion, was the Court's discretion erroneously exercised in holding that the affidavit of merit made a *prima facie* showing of a meritorious defense.

To open a judgment there must be a *prima facie* showing from which the Court itself may infer that the relief asked would be in furtherance of justice. It is not sufficient for the moving party to say as a legal conclusion that the judgment is improper or unjust. *Sarratt v. Gaffney City Carpet Mfg. Co.,* 77 S. C., 85, 57 S. E., 616.

It might be well here to state that the case at bar was brought by the plaintiff against the defendant to recover the amount alleged to be due under a contract of fire insurance. The complaint alleges that the policy was executed and issued in Chesterfield County by the defendant's local agent at that point, and became effective December 10, 1935. The building alleged to have been insured was destroyed by fire on November 22, 1936, and this action was commenced on August 24, 1939.

Mr. Nettles states in his affidavit that "deponent assures the Court that the defendant has meritorious defenses, and that a real injustice will have been done to the defendant if the judgment is allowed to stand."

The affidavit of Mr. Murray alleges "that the defendant in this action has a meritorious defense, in that from the investigation made by this deponent, there was no policy of insurance in force at the time the fire occurred, as the plaintiff had requested the cancellation of the policy and it had been cancelled long before the fire occurred."

The record shows that at the time counsel for defendant requested an extension of time within which to answer, judgment had already been obtained. Upon learning this, they acted with the utmost dispatch, and within two days served notice of motion to open the judgment. That the motion was made in good faith is not and cannot be questioned.

Nor in our opinion is the affidavit of merit sworn to by Mr. Murray defective as not being sufficiently full in its statement. Concededly, the deponent might well have gone into greater detail, but enough is stated to make a *prima facie* showing of a good and substantial defense. *Gales v. Poe,* 107 S. C., 482, 93 S. E., 189.

The defendant may have ten days from the filing of the remittitur within which to serve its answer to the complaint.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.