15649

SAVAGE v. CANNON

(30 S. E. (2d), 70)

December, 1943.

*Mr. Henry Savage, Jr.,* of Camden, S. C., for Appellant,

*Mr. Murdoch M. Johnson,* of Camden, S. C., Counsel for Respondent,

May 9, 1944.

Mr. Associate Justice Oxner delivered the unanimous Opinion of the Court:

This appeal is from an order of the Circuit Court opening and vacating a default judgment taken by the plaintiff against defendant.

A summons and verified complaint were served on defendant on September 14, 1943. Plaintiff, a member of the Camden Bar, alleged that he rendered professional services to defendant and his wife which were reasonably worth $200.00, for which he had not been paid, and asked for judgment for that amount with interest. On September 24, 1943, defendant's attorney served on plaintiff a demand for an itemized statement of account. In compliance with this request, plaintiff served a verified statement of the account on defendant's counsel within the required ten days. No answer or other pleading having been served by defendant, plaintiff took judgment by default for $200.00 on October 12, 1943.

On October 13, 1943, defendant's attorney submitted to plaintiff for acceptance of service a proposed verified answer. Plaintiff declined to accept service. On the following day defendant's attorney gave notice of a motion to vacate the judgment. After a hearing on the motion, the Circuit Court, in a well-considered order, vacated the judgment and permitted defendant to answer, from which plaintiff has appealed.

The motion was made under Section 495, Code 1942, which permits the Court, in its discretion, at any time within one year after notice thereof, to "relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect."

In support of the motion, defendant submitted a verified answer and an affidavit by his attorney. The answer is a general denial of the allegations of the complaint. Defendant's attorney states in his affidavit that he was retained to represent the defendant in this action; that the itemized, verified statement of account was served upon him on or about the 4th or 5th of October, 1943; that he thought the time for answering did not expire until after the lapse of twenty days from the date of service of the itemized statement of account; that his client resided at Rock Hill, S. C., and he was unable to confer with him until October 13, 1943, at which time the answer was prepared; and that from statements made to him by his client, it appeared to him that his client had a meritorious defense.

Under the foregoing circumstances, did the trial Judge abuse his discretion in vacating the judgment and permitting the defendant to answer? "A matter of this kind is addressed to the sound discretion of the Judge before whom the motion is heard, and the appellant must make a clear showing of an abuse of discretion by the trial Judge to disturb his ruling." *Poston v. State Highway Department,* 192 S. C., 137, 5 S. E. (2d), 729, 731.

In order to prevail on a motion to vacate a judgment under Section 495 of the Code, the mover must show (1) that the judgment was taken against him "through his mistake, inadvertence, surprise, or excusable neglect"; and (2) that he has a meritorious defense. *Gaskins v. California Insurance Co.,* 195 S. C., 376, 11 S. E. (2d), 436. Appellant contends that respondent has failed to

meet either of these requirements. We shall discuss them in the order stated.

As to the first requirement, appellant states that the ██ erroneous belief of defendant's attorney that the time for answering was extended by a demand for an itemized statement of account, was an error of law and not an error of fact. It is argued that the rule in this State is that the provisions of Section 495 of the Code apply only to mistakes of fact, not to mistakes of law. As a general rule this is true. *Lucas v. North Carolina Mutual Life Insurance Co.,* 184 S. C., 119, 191 S. E., 711; *Anderson v. Toledo Scale Co.,* 192 S. C., 300, 6 S. E. (2d), 465. But relief has been granted, although the mistake might be termed one of law, rather than of fact, where the litigant used due diligence in employing counsel, who took prompt steps to protect the interests of his client according to what he conceived to be the proper practice, but allowed his client to get in default through a mistake as to the proper procedure.

In the case of *Johnson v. Finger,* 102 S. C., 354, 86 S. E., 673, 674, defendant's attorney, within the twenty days allowed for answering, served notice of a motion to make the complaint more definite and certain, but did not answer, as he erroneously supposed that the pendency of a motion to make the complaint more definite and certain would extend the time for answering until after the motion was decided. Judgment by default was taken. Defendant moved to set aside the judgment on the ground of mistake and excusable neglect. The Judge of the Civil and Criminal Court of Charleston, where judgment by default was taken, refused the motion on the ground that the mistake was one of law and not of fact. On appeal, the Circuit Court held that the motion should have been granted. This Court, in affirming the ruling of the Circuit Court, said:

"While it is important that the statutes and rules of court which are designed to promote the speedy and orderly de-

termination of causes should be complied with, it must not be forgotten that their purpose is to aid the administration of justice; and they should not be applied so as to defeat it. Of course, a party who is willfully or inexcusably in default, or one who gets himself into that predicament by resorting to technical and dilatory practice or motions without merit and for the purpose of hindering and delaying the opposite party in bringing the cause to a hearing on the merits, deserves no consideration from the court.

"But in this case it was made to appear that defendant's attorney was endeavoring in good faith, according to what he conceived to be proper practice, to subserve the interest of his client, who according to the *prima facie* showing made, has a meritorious defense. The trial of the case on its merits would not have been materially delayed if he had been allowed to file his answer, and, under the circumstances, he should have been allowed to file it."

In the case of *Bryce v. Southern Railway Co. et al.,* C. C., 129 F., 966, defendant's counsel also caused their client to get in default throught an erroneous belief that it was not necessary to file an answer until after a motion to make more definite and certain was decided. Judge Simonton vacated the judgment and allowed the defendant to answer under this section of the Code.

Appellant contends that the later decisions of *Lucas v. North Carolina Mutual Life Insurance Co.,* 184 S. C., 119, 191 S. E., 711, and *Anderson v. Toledo Scale Co.,* 192 S. C., 300, 6 S. E. (2d), 465, cannot be harmonized with *Johnson v. Finger, supra,* and in effect overruled or modified it.

The summons and complaint in the *Lucas case* were served upon the local agent of the defendant. The district agent, to whom the papers were forwarded by the local agent, returned the summons and complaint to plaintiff's attorney because he entertained the opinion that legal process could be served on the defendant, a foreign insurance com-

pany, only through the State Insurance Commissioner. No attempt was made to answer or otherwise plead to the complaint. Judgment by default was taken and defendant moved to open the judgment. The Court held that this was a mistake of law, and not a mistake of fact, and denied relief. It will be observed that the process was wholly ignored. The district agent negligently failed to seek the advice of counsel, and acted upon his own belief as to the law. The Court held that the case of *Johnson v. Finger, supra,* was not applicable to the facts of that case.

The summons in the *Anderson case* was served on defendant's agent, who laid it aside and did nothing about it, thinking that no answer was required until after the complaint was served. On application to set aside a default judgment, the Court held that this was a mistake of law and denied relief. It will be observed in this case also that the process of the Court was wholly ignored.

We do not think the two cases last referred to are in conflict with the case of *Johnson v. Finger.* In the *Lucas case* the Court referred to the *Johnson case* without suggestion that it was wrongly decided, and expressly stated that the facts were not applicable. We think the decision in the *Johnson case* is sound and that case cannot be distinguished in principle from the instant case. In the *Johnson case* defendant's counsel thought the time for answering was extended on account of the pendency of a motion to make more definite and certain. In this case counsel for defendant thought that the time for answering was extended until twenty days after the service of the itemized statement of account. In both cases the litigants without delay employed counsel, who in good faith took prompt steps to protect the interests of their clients, but were mistaken as to the proper procedure in filing answers.

Of interest is the case of *Baker-Jennings Hardware Co. v. Culp,* 105 S. C., 418, 90 S. E., 26, 27. In that case defendant promptly employed counsel who demanded an item-

ized statement of account to enable him "to prepare an answer in the case." Such statement was not furnished and on the nineteenth day defendant's counsel became ill, continuing so until after the judgment by default was taken. The judgment was vacated on the ground of excusable neglect. Also, see the case of *Balentine Welding Works v. Peden,* 188 S. C., 456, 199 S. E., 693.

The remaining question is whether there was a sufficient showing of a meritorious defense. Defendant's attorney stated in his affidavit that from statements made to him by his client, he thought his client had a meritorious defense. This procedure is proper. *Gales et al. v. Poe,* 107 S. C., 482, 93 S. E., 189. There was also submitted a proposed answer under oath denying the indebtedness. The submission of the proposed answer was in accordance with the practice suggested in *Baker-Jennings Hardware Co. v. Culp,* 105 S. E., 418, 90 S. E., 26, although the Court there stated that this procedure was not exclusive.

We think the showing made in this case is fully as strong as that approved in *Farmers & Mechanics Mercantile & Mfg. Co. v. Smith,* 70 S. C., 160, 49 S. E., 226, *Gaskins v. California Insurance Co.,* 195 S. C., 376, 11 S. E. (2d), 436, 438, and *Baker-Jennings Hardware Co. v. Culp, supra.* As stated in the *Gaskins case,* defendant "might well have gone into greater detail, but enough is stated to make a *prima facie* showing of a good and substantial defense."

In conclusion, we see no abuse of discretion on the part of the Circuit Judge. On the contrary, we think his discretion was properly exercised. As stated by the Court in *Gaskins v. California Insurance Co., supra,* the power given to the Courts to grant relief by the section of the Code under consideration should be exercised "in the same spirit in which the Code section was designed,—in furtherance of justice and in order that cases may be tried and disposed of upon their merits."

The order appealed from is affirmed.

MR. CHIEF JUSTICE BAKER, and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, and TAYLOR concur.