15842

JENKINS *ET AL.* v. JONES
(38 S. E. (2d), 255)

*Mr. J. Carlisle Oxner,* of Columbia, for appellants,

*Messrs. James Hopkins* and *Harold Seigler,* both of Columbia, for respondent,

May 20, 1946.

MR. ASSOCIATE JUSTICE TAYLOR delivered the Opinion of the Court.

This case comes to this Court by way of Appeal from the Court of Common Pleas of Richland County where a default judgment was rendered by Honorable A. L. Gaston on September 28th, 1945, confirming the Master's report setting aside deed and granting judgment against the Defendant for $761.64, said judgment being filed September 28th, 1945. On October 1st, 1945, the Defendant served notice of motion before Honorable G. Duncan Bellinger under Section 495 Code of Laws of 1942, to have the Master's report and judgment set aside. On October 30th, 1945, he signed an order setting aside such Master's report and vacating the judgment, hence, this appeal.

Section 495 Code of Laws of 1942 reads as follows:

"The Court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or, by an order, enlarge such time; and may also, in its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code of Procedure, the Court may, in like manner, and upon like terms, permit an amendment of such proceeding, so as to make it conformable thereto."

The questions raised in this Appeal are: Did the Lower Court abuse its discretion in granting relief to the Defendant from the Judgment taken by default upon the grounds of mistake, inadvertence, surprise or excusable neglect, and did the answer contain a meritorious defense?

"The power conferred upon courts to relieve parties from judgment taken against them by reason of their mistake, inadvertence, surprise or excusable neglect should be exercised by them in the same liberal spirit in which the Code

section was designed—in furtherance of justice and in order that cases may be tried and disposed of upon their merits". *Ex Parte Union Mfg. & Powers Co.,* 81 S. C., 265, 62 S. E., 259, 128 Am. St. Rep., 908. "When therefor a party makes a showing of such mistake, inadvertence, surprise or excusable neglect, applies promptly for relief, after he has notice of the judgment, shows by his affidavit that *prima facie* he has a meritorious defense, and that he makes the application in good faith, a Court should not hesitate to set aside the default and allow him to serve an answer upon such terms as may be just under all the circumstances of the case." *Savage v. Cannon,* 204 S. C., 473, 30 S. E. (2d), 70. *Gaskins v. California Ins. Co.,* 195 S. C., 376, 11 S. E. (2d), 436.

His Honor Judge Bellinger found that before the expiration of the time for answering that James H. Hopkins, Esq., Attorney for the Defendant, verbally obtained from the Attorney for the Plaintiff an extension of time to September 10th in which to answer and that such extension was granted on condition. that Defendant's attorney would agree to an order referring the case to the Master of Richland County for the purpose of taking testimony and reporting his findings of both law and fact to the Court. That September 11th, 1945, the day following expiration of the extension of time for answering Plaintiffs' attorney obtained an order referring the case to the Master, proceeded to hold the reference and take Plaintiffs' testimony and all references were had considering the Defendant to be in default, he having not served an answer, that neither the Defendant nor his attorney were present nor did they have notice of time of the holding of the reference. Upon the completion of such references, the Master made his report to the Court which was presided over by the Honorable A. L. Gaston on the 28th day of September, 1945, and his Honor signed an order that the deed executed by the Plaintiffs to the Defendant be cancelled upon the records of the Clerk of Court for Richland County and that a judgment in the sum of $764.64 be had against the Defendant on account of rents or profits.

In support of the motion before his Honor, G. Duncan Bellinger, Defendant's attorney submitted a proposed Answer, service of which was accepted by attorney for Plaintiffs, along with notice of this motion together with an affidavit of Defendant's attorney setting forth among other things he believes the Defendant has a meritorious defense as set forth in the proposed answer. Thereafter an amended affidavit was submitted in support of this motion. Both affidavits recited in detail the facts upon which the Defendant relies to be relieved of default.

Among other things, Defendant's attorney sets forth in his affidavits that after the Summons and Complaint were delivered to him by the Defendant which was within the time prescribed by law, he requested the Defendant to furnish him certain records and information in order to properly prepare the answer and that he, Defendant's attorney, required and obtained from Plaintiffs' attorney an extension of time to September 10, 1945, in which to serve an answer, that in the same conversation, Defendant's attorney agreed that the cause should be referred to the Master, that he was of the opinion that his agreeing to an order referring the cause to the Master, constituting an appearance by the Defendant in the action, that he understood from the verbal agreement that the Plaintiffs' attorney would prepare an order of reference in this matter and submit the same for his written consent, which was not done, that prior to- the 10th day of September, 1945, his mother-in-law became critically ill and died on the 23rd of September, 1945, that during this time until the 26th day of September, owing to the illness and death of his mother-in-law his office was practically closed, his wife being his secretary and stenographer, and the illness and death of her mother necessitated her remaining away during that period of time from her husband's law office.

The Attorney for the Plaintiffs filed a counter-affidavit in which he sets forth that the time for answering had about expired when he was requested by the Defendant's attorney for an extension of time for answering, that he agreed to

extend the time until September 10th, 1945, that he did not say further time for answering would be extended if such was needed, that no request was made for further extension although he had seen Defendant's attorney on several occasions, that after he had taken an order in default in the matter and while the matter was before the Master, he has no recollection of the Defendant's attorney speaking to him about the matter.

This is another instance, that so often occurs, where misunderstandings are had because of verbal agreements between counsel who do not abide by the rule of Court requiring that all agreements be fully had in writing. It is true that in this case the Plaintiffs' attorney did write the Defendant's attorney confirming the agreement to extend the time for answering as herein set forth, but there is no denial either in Plaintiffs' attorney's affidavit, or before the Court, that the Defendant's attorney was to have had submitted to him an order of reference whereon he was to sign his written consent and that when this was done he was to file his answer. The letter of the Plaintiffs' attorney is in the following language: "You requested that I extend your time for filing answer to September 10th and I agreed to do this on the condition that you consent to an Order of Reference *when the answer is filed*". (Italics added.) This alone could have led the attorney for the Defendant to believe that no action by way of default was to be taken until the order of reference was submitted to him.

In motions of this kind it is necessary that the moving party show (1) that the judgment was taken against him through his mistake, inadvertence, surprise, or excusable neglect; and (2) that he has a meritorious defense.

The record shows that during the extended time for answering and for a while thereafter the Defendant's attorney was undergoing great mental strain because of the illness and death of his mother-in-law and that there was, as shown from the letter of the Plaintiffs' attorney hereinbefore set forth, reasons for the Defendant's attorney to believe that he had until the written order of reference was referred to

him in which to file such answer, and he has coupled with this an answer showing a most meritorious defense. The Court does not attempt, on motions of this kind, to decide the case on its merits, but only decides whether a *prima facie* showing has been made of a meritorious defense. A very short delay will be had by setting aside the judgment taken in this cause as it is a matter that can be disposed of at Chambers and does not require the Court to be in session when it is decided on its merits. If there is merit in the Plaintiffs' case and if they can present the evidence entitling them to a judgment as against any evidence that might be put forth by the Defendant under this defense, only justice would have been done for the Defendant would then have had his day in Court.

"In order to disturb or reverse the ruling of the Circuit Judge in matters of this kind, it is necessary to make a clear showing of an abuse of discretion, the Statute rests the granting of such a motion in the discretion of the Circuit Court and the exercise of this is conclusive unless it is patently wrong or, as has been sometimes unhappily phrased, unless the Court has abused its discretion." *Duncan v. Duncan,* 93 S. C., 496, 76 S. E., 1099.

A detailed review of the record in this case shows that Defendant's counsel acted with utmost dispatch upon learning of the default judgment and this Court is unwilling to say that the Circuit Judge abused his discretion in ordering that the Master's report be set aside and the judgment vacated, that the Defendant be permitted to serve upon the Plaintiffs the answer presented and the case tried on its merits. On the contrary, we think his discretion was properly exercised. A study of this proposed answer shows that it is not a general denial without details but on the contrary, contains specific denials and counter-allegations and is in accordance with the practice suggested in *Baker-Jennings Hdw. Co. v. Culp,* 105 S. C., 418, 90 S. E., 26, *Savage v. Cannon,* 204 S. C., 473, 30 S. E. (2d), 70.

Therefore, it is the opinion of this Court that all exceptions should be overruled and the Judgment of the Circuit Court affirmed and it is so ordered.

MESSRS. ASSOCIATE JUSTICE STUKES and ACTING ASSOCIATE JUSTICE J. HENRY JOHNSON concur.

MR. ASSOCIATE JUSTICE OXNER did not participate.

MR. ACTING ASSOCIATE JUSTICE G. DUNCAN BELLINGER disqualified.