## 22499

William T. OWEN and Rosetta F. Owen, Plaintiffs-Appellants v. David REED, Gertrude Green, Celia Reed, George Reed, Nathaniel Reed, and John Doe and Mary Roe, the latter two being fictitious names used to designate all other persons unknown claiming any right, title or interest in or lien upon the real property described in the Complaint herein, including all unknown heirs of Nathaniel Reed, deceased, Dianna Reed, deceased, Joseph Reed, deceased, and David Reed, if he be deceased, and any and all persons claiming by or through them, all of whom are assumed to be infants or under legal disability or in the military service, Defendants, all of whom except Gertrude Green are Defendants-Appellants, and Gertrude Green is Respondent-Respondent.

(341 S. E. (2d) 629)

Supreme Court

*Joseph R. West*, Moncks Corner, *for plaintiffs-appellants.*

*Uricchio, Howe & Krell*, Charleston, *for defendants-appellants.*

*Arthur C. McFarland*, Charleston, *for respondent-respondent.*

Submitted Jan. 22, 1986.

Decided March 12, 1986.

FINNEY, Justice:

This appeal is from an order of the circuit judge vacating a default judgment against the respondent-respondent, Gertrude Green. We affirm.

This is an action for partition, in kind, of twenty-five (25) acres of land, instituted May 15, 1979, and served upon Gertrude Green by publication and mailing on May 22, 1979. The Complaint alleges in Paragraph Seven: "That in the event David Reed has died intestate, his sole heir would be his only child, Gertrude Green [also known as Gertrude Greene], who is made a party hereto so that her interests, if any, might be fully protected."

On February 5, 1981, an order of default was issued against all of the defendants, including Gertrude Green. Respondent Gertrude Green had been advised of the partition proceedings, but declined to participate, believing that she was going to receive a one-third (⅓) interest in the property as the only heir of David Reed.

On March 3, 1981, a reference was held by the Master-in-Equity for Berkeley County, who issued a decree partitioning the total acreage in kind and allocating to Gertrude Green seven-tenths (⁷⁄₁₀) of an acre. The plaintiffs-appellants were awarded a total of twenty-two and sixteen one hundredths (22 ¹⁶⁄₁₀₀) acres. The Master's deed was recorded March 13, 1981. Gertrude Green contended she never received a deed or notice of a deed for the portion of the land awarded to her until June of 1981. Respondent filed a motion on February 5, 1982, for an order relieving her of the judgment pursuant to Section 15-27-130, S. C. Code Ann. (1976). For unexplained reasons, the motion was not heard until November 14, 1983.

On March 29, 1984, Circuit Judge Francis B. Nicholson ordered the partition judgment vacated. The judge found that pursuant to S. C. Code Ann., Section 15-27-130 (1976), the statutory element of surprise was fully satisfied under the factual circumstances of this controversy.

The first issue raised by appellants on appeal is:

> Did the lower court abuse its discretion in vacating the default judgment against the respondent-respondent where the respondent-respondent failed to show mistake, inadvertence, surprise or excusable neglect as required by S. C. Code Ann., Sec. 15-27-130 (1976)?

In applying this section, this Court has held that before a judgment will be vacated, the moving party must show that the judgment was taken against him through mistake, inadvertence, surprise or excusable neglect. See *McInerny v. Toler*, 260 S. C. 382, 196 S. E. (2d) 122 (1973). Guidance in applying this section is found in *Savage v. Cannon*, 204 S. C. 473, 30 S. E. (2d) 70 (1944).

The trial judge in this case determined that the judgment against the respondent was taken by surprise and stated his findings as follows:

> Thus I find as a fact that as of October, 1980, an answer or responsive pleading from Ms. Green would have been received and that no formal cut-off date or deadline was expressed to her representative, either orally or in writing. Further, no notice was given of the date of reference hearing. (Tr. 46)

He concluded further that:

> [T]he pleadings served upon Ms. Green and the posture of the case as she would have perceived it could justifiably leave her with the impression that the court's decree would have provided for her the equivalent of one-third (⅓) of the total property (with adjustment for cost of litigation). ... Laying aside, however, any such justifiable difference in value, no justification appears in the record to support the distinction in treatment between Ms. Green and the parties Celia, George and Nathaniel Reed... (Tr. 48).

We conclude that the record sustains the findings of the trial judge.

The second issue raised by the appellants is:

> Did the lower court abuse its discretion in vacating the default judgment against the respondent-respondent where the respondent-respondent failed to show that she had a meritorious defense to entry of the default?

It is implicit from reading the trial judge's order that he found a meritorious defense. This Court said in *Gaskins v. California Insurance Co.*, 195 S. C. 376, 11

S. E. (2d) 436 (1940), "to open a judgment there must be a prima facie showing from which the court itself may infer the relief asked would be in the furtherance of justice."

In *Baker-Jennings Hardware Co. v. Culp*, 105 S. C. 418, 90 S. E. 26 (1916), this Court held that the submission of a proposed answer along with the attorney's affidavit is not the exclusive procedure for showing a meritorious defense.

In applying the provisions of S. C. Code Ann., Section 15-27-130 (1976), once the trial judge found that the element of surprise had been adequately satisfied, he properly determined that the default judgment should be vacated. We find no abuse of discretion in this instance by the trial court and the lower court's order to vacate the default judgment is affirmed.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.